SEIBERT CYLINDER OIL-CUP CO. *v.* MANNING *et al.*

*(Circuit Court, S. D. New York.* March 26, 1888.)

PATENTS FOR INVENTIONS—AGREEMENTS FOR USE—BREACH OF COVENANTS.
   In an action for the infringement of a patent it appeared that the defendants' licensors, who owned a similar patent to the one in dispute, had entered into a contract with plaintiff wherein it was agreed that so long as plaintiff should perform certain covenants and said licensors should make certain payments to plaintiff, neither party was to sue the other on their respective patents. *Held,* that performance of plaintiff's covenants was a condition precedent to the payments, and the plaintiff, after having broken the contract, could not claim the failure to make the payments as an abandonment of the contract, so as to authorize a suit on its patent.

In Equity. Hearing upon the sufficiency of the plea. Action by the Seibert Cylinder Oil-Cup Company against Henry S. Manning *et al.* For former hearing see 32 Fed. Rep. 625.

*Thomas Wm. Clarke* and *Edmund Wetmore,* for complainant.

*C. A. Kent* and *Francis Forbes,* for defendants.

LACOMBE, J. The sole point arising upon this hearing is as to the sufficiency of the plea, and lies within a narrow compass. Concededly, the plaintiff owns a patent, which is infringed by certain articles made by the Detroit Lubricator Company, and sold by the defendant. The amended bill, besides other necessary and ordinary averments showing title and acts of infringement, sets out, in anticipation of the defense, that—

"The defendants sell lubricators manufactured by the Detroit Lubricator Company, which sale constitutes the infringement herein complained of; and the said defendants pretend that they have a right to sell the same without suit by, or other molestation from, the complainant, because on or about the 1st day of December, 1883, this complainant and the said Detroit Lubricator Company made an agreement in writing whereby, among other things, it was covenanted that, 'so long as the covenants and agreements to be observed and performed by the parties respectively are observed and performed, each party agrees not to sue, or directly or indirectly authorize to be sued, the other party, its agents or vendees, under any of the letters patent now or hereafter owned by it.' And the said defendants pretend that agreement is still in force; but these complainants aver that said agreement has long since, and prior to the commencement of this suit, and prior to the acts of infringement herein complained of, been rescinded, and that said rescission was caused by the wrongful acts and default of the said Detroit Lubricator Company, because said company was obliged by the terms of said agreement to make certain returns, and pay certain royalties to the complainant herein monthly, which the said Detroit Lubricator Company wrongfully refused to do; and for such neglect and refusal, and because of the repudiation by the said Detroit Lubricator Company of the covenants and agreements by it to be performed under said contract, the complainant herein elected to rescind the same, and the same was rescinded by the acts and defaults of the said Detroit Lubricator Company, and the act of the complainant. That at the time when the lubricators referred to herein, and containing the invention set forth and described in the said letters patent hereinbefore mentioned, were sold, and the acts herein

complained of were committed, the said contract of the 1st of December, 1883, with the Detroit Lubricator Company was abrogated and annulled, and the defendants derived no rights thereunder."

The plea sets out the agreement in full, and the circumstances preceding and attending its execution. It then proceeds as follows:

"And defendants further aver, on information and belief, that said Detroit Lubricator Company did perform the covenants in said agreement of settlement by it to be performed, and so continued to do, and to pay large sums of money under said agreement; but, as it had a right to do, it ceased to make certain payments when it learned that complainant had a long time before violated its covenants in said agreement not to authorize the use, except as in said agreement provided, of said N. Seibert patents outside of the New England states, * * * and by imitating the shapes and styles of said Detroit Company's lubricators, contrary to the covenants of complainants; and otherwise in divers ways complainant tried to injure and damage, and did and still does greatly damage and injure, said Detroit Company, contrary to said agreement, whereby the business of said Detroit Company was and is greatly damaged, and its profits greatly reduced, and said damage and loss by reason thereof do still continue. And the defendants aver that said agreement of settlement between said parties is still in force, and they deny that the same has been rescinded or canceled by complainant, or that complainant had a right so to rescind or cancel the same, or that the same was ever rescinded or repudiated by said Detroit Company. Therefore these defendants aver and plead the same, and demand judgment," etc.

Upon the amended bill and plea, which now contain the full agreement, it appears that by and under such agreement the Detroit Company, and defendant as its vendee, possessed a perfect defense to suits for infringement. The only question to be determined now is whether the facts admitted by the plea, and by setting down the same for argument, have destroyed this defense. The complainant's reliance is upon the fact that the Detroit Lubricator Company wrongfully refused to make certain monthly returns, and to pay certain royalties to the complainant monthly, for which neglect and refusal complainant elected to rescind the contract. The only provisions of the contract requiring the lubricator company to make returns and pay royalties are these:

"(10) * * * The said Detroit Company agrees, so long as the covenants and agreements to be performed by said Seibert Company are performed by it, and so long as this agreement remains in force, to report to the treasurer of said Seibert Company in Boston, at the end of each and every month, the full number of lubricators [except certain specified kinds] made and sold by it during the month next preceding," etc. "(11) And said Detroit Company agrees that it will at the same time * * * remit * * * a sum equal to," etc.

Further, by the fifteenth clause the Detroit Company guarantied that these payments should be at least $200 monthly. Of this covenant to make returns and payments it is to be noted that it is conditional only. "So long as the covenants and agreements to be performed by said Seibert Company are performed by it, and so long as this agreement remains in force," is the phrase used to qualify its provisions. Compliance by the Seibert Company with its obligations is a condition precedent to the return and payment. It will not be contended that, if the covenant

provided that return and payment should be made each month upon the filing by the president of the Seibert Company of an affidavit setting forth that it had kept the contract, there would be any default on the part of the Detroit Company in delaying or refusing payment till such affidavit were first filed. There is no material distinction between such a covenant and the one at bar. If non-performance by the payee is shown, the payor is not in default for not making its return. Upon such a breach the Detroit Company might either rescind the contract, or decline to make its return. The defendant by its plea avers that the Seibert Company failed to perform its covenants and agreements in two particulars: *First*, that it authorized the use of the N. Seibert patents outside of the New England states, which is in express violation of the seventeenth clause of the agreement; and, *second*, that it imitated the shapes and styles of the Detroit Company's lubricators, in violation of the seventh clause. The covenant of the Detroit Company to return and pay was at least suspended while the contract was thus broken by the Seibert Company; and its failure to make returns and pay royalties, under those circumstances, would not be such a failure "to observe and perform its covenants and agreements"—to use the language of the sixth clause, on which complainant relies—as would authorize the latter to sue "under any of the letters patent . * * * owned by it."

So far the plea has been considered as distinctly averring breaches of covenant by the Seibert Company. Upon the argument stress was laid by complainant's counsel upon the language used, (*q. v. supra*,) and particularly upon the word "learned." This, it was contended, is merely equivalent to an allegation that at the time it ceased to make payments, the Detroit Company was informed that the complainant had violated its covenants, and believed the information. Strictly construed, the word "learned" perhaps means more than this, but in ordinary speech it does not necessarily import that degree of certainty which is implied in the assertion of a fact. The plea in its present form is insufficient, as not distinctly averring the breaches upon which defendant relies to excuse the failure of the Detroit Company to make returns. As the only valid objection to its sufficiency, however, is the technical verbal objection last above indicated, defendant may amend the same within such reasonable time as may be fixed on the settlement of the order. As to the question of jurisdiction, I fail to see that the plea has materially changed the situation since that point was considered by Judge WALLACE, (32 Fed. Rep. 625,) and shall therefore accept his decision as the law of this case.