MARIE A. CARTER *v.* CHARLES B. CARTER.

(*Knoxville.*    September Term, 1904.)

DIVORCE.  Two years' residence required only where the grounds
for, arose out of the State.

The statute (Shannon's Code, sec. 4203) providing that a divorce
may be granted for any of the causes previously specified (secs.
4201-4202), though the acts complained of were committed out
of the State, or the petitioner resided out of the State at the
time, no matter where the other party resides, if the petitioner
has resided in the State two years next preceding the filing
of the petition, applies only to cases wherein the grounds for
divorce arose out of the State.

Code cited and construed:   Sec. 4203 (S.); sec. 3308 (M. & V.);
2450 (1858).

FROM KNOX.

Appeal from Chancery Court of Knox  County.—
JOSEPH W. SNEED, Chancellor.

S. G. HEISKELL, for Marie A. Carter.

JOHN W. GREEN, for Charles B. Carter.

MR. JUSTICE NEIL delivered the opinion of the Court.

In this case it appears that the complainant filed a
bill in the chancery court of Knox county for the pur-

pose of obtaining a divorce from the defendant, her husband, for causes arising in this county. He filed a plea in abatement, setting up as a defense that the wife had not resided in this State for two whole years next before the filing of the bill, but that from November, 1902, to January, 1903, she had resided in the State of Missouri, whither the defendant had removed with his family, with the purpose of making it his home, and where they had lived during that period, and that complainant had not again returned to this State until the nineteenth of January, 1903, when she returned, and resumed her residence in Knox county, where she had resided before the removal to Missouri. There was a replication denying the averments of the plea, and testimony was taken upon the issues thus made. On the hearing in the court below the chancellor sustained the plea, and dismissed the bill. On appeal to this court, the cause was referred to the court of chancery appeals, and in that court the decree of the chancellor was reversed, and the cause remanded for answer. From this last decree an appeal has been again prosecuted to this court.

The court of chancery appeals found the facts to be, in substance, that the husband had removed with his family to St. Louis, in the State of Missouri, with the purpose, on his part, of making that city his home, but had remained there only about seven weeks, at the expiration of which period he and his wife left St. Louis with their child for the purpose of returning to Knox county, and that on the way, at Fulton, Kentucky, the

defendant left his family, with the promise that he would follow in a short time, and she pursued her return journey until she reached her former home, and that about ten days thereafter he finally deserted her, and has since failed to provide for her. The bill was filed within two years of the return of complainant.

The court of chancery appeals, while finding the foregoing facts in obedience to the duty imposed upon it by law, was of opinion that the plea presented an immaterial issue, and should be so treated, and should be disposed of as if set down for argument upon its sufficiency in the court below.

The view of that court was that the decision of the case turned upon the construction of section 4203 of Shannon's Code.

That section reads as follows:

"A divorce may be granted for any of the aforesaid causes, though the acts complained of were committed out of the State, or the petitioner resided out of the State at the time, no matter where the other party resides, if the petitioner has resided in this State two years next preceding the filing of the petition."

The court of chancery appeals was of opinion that the provision requiring two years' residence prior to the filing of the bill applied only to cases wherein the grounds for divorce arose out of the State.

We are of the opinion that this is a correct construction of the section of the Code referred to.

The preceding sections (4201 and 4202) provide, in

direct and positive terms, that certain grounds therein recited shall furnish sufficient cause to justify the courts of this State having jurisdiction of the subject to grant divorces. The section we have quoted is in the nature of a limitation or restriction upon the generality of the language of the two preceding sections, and it was intended thereby to provide that where the acts complained of were committed out of the State, a two-year *bona fide* residence in the State, next before the filing of the bill, should be made to appear, as condition precedent to the granting of relief. The purpose of this section was to prevent this State from being made a dumping ground for the marital scandals of other States, and so to protect the people of this State, to a degree, from the demoralizing influence that must be experienced by any community which opens its courts without restraint to the class of cases referred to. But it could never have been intended that two years' grace was to be allowed to all offenders against marital duty, even though their acts should be committed in this State, and against citizens of this State, as must be maintained under the opposite construction.

Of course we do not mean to be understood as in any way impairing the force of subsection 4 of section 4201, which provides that willful and malicious desertion, or absence of either party without reasonable cause, must exist for two whole years before such fact can become efficacious as a ground of divorce. This would necessa-

Carter v. Carter.

rily apply to such cause whether arising within this State or out of it.

It results from what has been above said that the decree of the court of chancery appeals must be affirmed.