BROWN *v.* BROWN.[*]

(*Knoxville*, September Term, 1929.)

Opinion filed October 19, 1929.

Haggard & Wright and J. Ralph Tedder, for complainant, appellant.

Jno. F. McNutt, O. T. Tindell, and H. M. Carr, for defendant, appellee.

Mr. Justice Chambliss delivered the opinion of the Court.

The original bill was filed by the wife. As amended it charges (1) cruel and inhuman treatment, and (2) adultery. The husband answered denying the charges and by cross-bill sought divorce on the ground of adultery. The Chancellor sustained the original bill on the ground of cruel and inhuman treatment only and dismissed the cross-bill. The Court of Appeals has remanded the cause for more specific allegations in the pleadings of the wife with respect to time and place, giving application to the provisions of section 4205 of Shannon's Code, reading as follows:

"*Statements of Bill; Prayer and Relief.* It shall set forth particularly and specifically the cause of complaint, with circumstances of time and place, with reasonable certainty, and pray only for a divorce from the defendant," etc.

The petition of the wife has been granted and oral argument heard.

As amended the bill contained the language of the relevant subsections of section 4202 of Shannon's Code. As bearing on section 4205, it charged that, "said de-

fendant had abused and often mistreated your complainant, he has slapped, struck, and otherwise mistreated her with his fists and mechanical instruments;'' and further, ''your complainant avers that the said defendant undertakes to come into her home and abuse her by striking her violently as hereinbefore averred, and by undertaking to drive her by force of arms away from her said home, and as a result, make her an outcast in the world, and dependent upon the charities for her support and sustenance.'' Elsewhere the location of the home is given as on Chestnut Hill in Rockwood, Roane county, Tennessee.

From the language above quoted we think it is apparent that the cause of complaint is set forth with reasonable certainty, and also the place—the home in Rockwood. Is the time of the occurrences charged with sufficient definiteness to comply with the requirement of reasonable certainty in the statute?

It must be borne in mind that *reasonable* certainty only is exacted, not ''mathematical certainty,'' as expressed by Judge Cooper in *Dismukes* v. *Dismukes,* 1 Tenn. Chy., 266. And the manifest purpose of the statute must be borne in mind, which was to convey notice to the defendant in order that he might defend intelligently.

The original bill sought an injunction and attachment, charging that ''the defendant is threatening to take away from your complainant all of said household goods,'' etc. And as above shown it was charged that the defendant ''undertakes to come into her home and abuse her by striking her violently,'' etc. As a whole the allegations are related to the present tense, that is, the time of the filing of the bill.

554

In 31 Cyc. 101, it is said that an allegation in the present tense will be deemed to refer to the time when the action is commenced, and this would seem to be a reasonable construction.

■ Again, the bill was filed October 1, 1926. No demurrer was filed, or other steps taken at that time to challenge the sufficiency in the regards now questioned, nor other steps to induce greater certainty. But answer and cross-bill were filed and the cause put at issue followed by the taking of proof. Many depositions were taken. The cause was not tried until February, 1928, and meanwhile, as early as May, 1927, various depositions were, with cross-examination by defendant, directed to the charges of cruel and inhuman treatment in which the time and other circumstances were definitely set forth. This was some nine months before the trial. It is plausibly insisted that the defendant was thus clearly and definitely advised of the time and other circumstances.

While proof may not be looked to to supply jurisdictional or other essential requirements of pleading, a doubt as to the sufficiency of the notice conveyed by allegations in the pleading may be resolved against a defendant when it appears that the defendant proceeds in apparent acceptance of the sufficiency of the pleading in this particular, and when in the progress of the cause all possible doubt is removed by the proof in ample time for the protection of the defendant. This is in harmony with our practice and holdings.

We are of opinion that the case at bar is to be distinguished on its facts from *Beard* v. *Beard*, 3 Tenn. App., 392; *Horne* v. *Horne*, 1 Tenn. Chy., 260, and *Sail-*

*lard* v. *Saillard,* 2 Tenn. Chy., 396, in none of which were the allegations so full or circumstantial as herein.

In the view taken it becomes unnecessary to pass upon the assignment directed to the insistence that the charge of adultery by the husband made in his cross-bill should be looked to as sufficient.

For the reasons indicated the decree of the Court of Appeals will be reversed and that of the Chancellor affirmed, and the cause remanded for further proceedings.