16 So.2d 4

**RAMBO v. RAMBO.**

4 Div. 312.

Supreme Court of Alabama.

Dec. 16, 1943.

O. S. Lewis, of Dothan, for appellant.

J. Hubert Farmer, of Dothan, for appellee.

STAKELY, Justice.

This is an appeal from a decree overruling the demurrer to a bill for divorce.

Appellant insists (1) that the allegations of the bill are faulty in failing to show that the acts of adultery were committed after marriage, and (2) that the allegations of the bill fail to charge the respondent with commission of adultery. The demurrer raises both propositions. We uphold both contentions.

The pertinent part of the bill is as follows: "3. That complainant and respondent are husband and wife; that they were married on or about February 22, 1942; that complainant was inducted into the armed forces of the United States on or about July 24, 1942, and did not return to this county until a short time ago; that upon his return, he learned that the respondent had committed acts of adultery with divers persons, mostly soldiers, but whose names he does not know at this time; that since learning of such acts of adultery, complainant has ceased to live with respondent or to have anything to do with her."

 Under § 20, Title 34, Code of 1940, the circuit court in equity has the power to divorce persons from the bonds of matrimony upon certain grounds, including adultery, set forth in the statute. When there is nothing in the statute to the contrary, the use of the word divorce implies dissolution of the marriage ties for some cause arising after marriage.

"Divorce means a dissolution of the bonds of matrimony based upon the theory of a valid marriage, for some cause arising after marriage." Marriage and Divorce by Keezer, p. 147. See also Marriage, Divorce and Domestic Relations, by Schouler, Vol. 2, p. 1412; McDonald v. McDonald, 6 Cal.2d 457, 58 P.2d 163, 104 A.L.R. 1290, 1293; 27 Corpus Juris Secundum, Divorce, § 1, p. 522.

The time of the alleged acts of adultery is not shown by the bill. Construing the pleadings against the pleader, such acts could have been committed prior to marriage. This would be no ground for divorce.

The bill alleges "that upon his return, he learned that the respondent had committed acts of adultery * * *; that since learning of such acts of adultery, complainant has ceased to live with the respondent * * *."

Again construing the pleadings against the pleader, if the meaning of the words be equivocal and two meanings present themselves, the construction will be adopted most unfavorable to the pleader. 49 Corpus Juris 105.

According to Webster's New International Dictionary, the word "learn" is defined as follows: "2. To acquire information or intelligence about; to find out about; to ascertain; to hear."

"Strictly construed, the word 'learned' perhaps means more than this, but in ordinary speech it does not necessarily import that degree of certainty which is implied in the assertion of a fact." Seibert Cylinder-Oil-Cup Co. v. Manning, C.C., 34 F. 538, 540.

Obviously a divorce will not be granted on allegations of hearsay. The act of adultery must be charged as a fact.

Reversed and remanded.

GARDNER, C. J., and BOULDIN and FOSTER, JJ., concur.