# TYBOROWSKI v. TYBOROWSKI.—192 S. W. (2d) 231.

## Middle Section. October 27, 1945.

### Petition for Certiorari denied by Supreme Court, January 5, 1946.

Andrew D. Tanner, of Nashville, for appellant.

HICKERSON, J. This is a divorce suit. The trial judge dismissed the petition on the ground that the court did not have jurisdiction because neither of the parties was a resident citizen of Tennessee at the time the suit was brought. Plaintiff appealed.

The following rules of law apply to the case.

 Code, sec. 8429, provides: "Bill or petition in whose name and where to be filed.—The bill or petition may be filed in the proper name of the complainant, in the chancery or circuit court of the county where the parties resided at the time of their separation, or in which the defendant resides, or is found, if a resident; but, if a nonresident or convict, then in the county where the applicant resides."

"Reside" means domicile in this statute. Brown v. Brown, 150 Tenn. 89, 261 S. W. 959.

■ The domicile of a person is the place "where he has his principal home and place for the enjoyment of his fortunes; which he does not expect to leave, except for a purpose; from which when absent, he seems to himself a wayfarer; to which when he returns, he ceases to travel." White v. White, 40 Tenn. 404, 405, 409.

■ To give jurisdiction to the courts of this State in actions for divorce, one or both of the parties must be domiciled in the State. Gettys v. Gettys, 71 Tenn. 260, 31 Am. Rep. 637; Brown v. Brown, 155 Tenn. 530, 296 S. W. 356.

■ Plaintiff relies upon Fitzpatrick v. Fitzpatrick, 131 Tenn. 54, 173 S. W. 444, to support his contention that the Tennessee court may have jurisdiction of a divorce suit where neither of the parties is domiciled here. The case does not sustain plaintiff's contention. The court in that case did not hold that the wife who brought the suit in Tennessee was domiciled in Pennsylvania. The husband, who was domiciled in Pennsylvania, came to Nashville, Tenn., with his wife to visit her people. While they were in Nashville, the husband was guilty of acts of cruelty towards her which constituted grounds of divorce. The husband left his wife in Nashville and went back to Pennsylvania. The wife brought a suit in Nashville at a later date while her husband was temporarily in that city.

The defendant filed a plea in abatement to the jurisdiction in which he alleged that the grounds of divorce occurred in Pennsylvania, and complainant had not resided in Tennessee for two years as required by Section 4203 of Shannon's Code, Section 8428 of Code of 1932.

The court held that the ground of divorce occurred in Tennessee, not Pennsylvania, and overruled the plea in abatement. The question of the domicile of the wife at

the time the suit was brought was not raised. It seems to have been conceded that her domicile was in this State when she instituted her action of divorce. A married woman may acquire a domicile which is different from her husband. Younger v. Gianotti, 176 Tenn. 139, 138 S. W. (2d) 448, 128 A. L. R. 1413.

We concur in the conclusion which the trial court reached that neither plaintiff nor his wife was domiciled in this State when he brought the present suit. It is not contended that the domicile of his wife was in this State. His testimony clearly shows that his domicile was in Massachusetts, and that he was only temporarily residing in this State. He did not allege in his petition, nor testify, nor offer to testify, that he intended to make this State his permanent home.

Plaintiff was a soldier who was stationed at Berry Field in Davidson County, Tenn. He lived in Davidson County because he was compelled to do so, not from choice. He had no intention of making his permanent home in this State.

The recent case of Wilson v. Wilson, Tex. Civ. App., 189 S. W. (2d) 212, 213, is closely in point. The Court said: "In order to be an inhabitant one must acquire a domicile or home, and it must have the stamp of permanency on it. There must not only be an intention to establish a permanent domicile or home, but the intention must be accompanied by some act done in the execution of the intent. A soldier can abandon his domicile of origin and select another, yet, in order to show a new domicile during the term of enlistment, there must be the clearest and most unequivocal proof."

Let the assignments of error be overruled and the judgment of the trial court affirmed with costs.

Felts and Howell, JJ., concur.