# GARVEY v. GARVEY.—203 S. W. (2d) 912.

En Banc at Jackson. November 29, 1946.

Petition for Certiorari denied by Supreme Court, April 12, 1947.

292

W. W. Bond, H. D. Sternberger, and Rosa Haywood, all of Brownsville, for plaintiff in error.

Gray and Gray and Hugh L. Clarke, all of Brownsville, for defendant in error.

McAMIS, J. Mrs. Lucille Gibbs Garvey instituted this suit for divorce and alimony on the grounds of cruel and inhuman treatment and indignities to her person under Code, Section 8427. The trial court determined the issues in favor of the petitioner on both of the grounds alleged in the petition and granted a decree of absolute divorce with alimony in the sum of $5,250. The husband appeals.

Since one of the principal contentions of the defendant husband is that the trial court erred in not holding that the petition fails to charge cruel and inhuman treatment with the particularity required by the statute, we quote at the outset the material portions of the petition:

"The peitioner learned after she married the defendant that he was most peculiar in his habits and ideas and that he was most miserly. During the five years she has

been married to him he has never purchased any furniture or made any effort to provide a home for her. On the date of their separation they were living in two small rooms over a store building, using an apple crate for a dining table, one old iron bed given to petitioner by her mother, and without even a mirror in the house. During all of this time the defendant was a man of wealth, had a splendid business, a good earning capacity, and could have provided well for petitioner. In fact, the defendant acquired a business of his own in Brownsville, Tennessee, some two years ago and since that time petitioner has worked as a clerk in said store. The defendant's failure to provide for her has been willful and deliberate and was prompted by his miserly disposition an disregard for her rights and was not due to his inability to provide for her.

"Petitioner would further show that the defendant has cursed and abused her in the presence of strangers and in the presence of her friends. While she worked as a clerk in his store he abused and humiliated her without cause. That he frequently accused her of lying. That he reflected on her integrity by refusing to permit her to count the money in his cash register or to make any deposits in the bank. He has told her on many occasions that she would not get any of his money and that he was feeding her and paying her laundry bills which compensated for her work in the store and that it was her duty to earn her own living. That she received no compensation whatever for the work she did, and she was working while they lived in New York and saved about $200.00, which the defendant took from her and has never returned it.

"The defendant recently sold his business in Brownsville, Tennessee for $15,000.00 in cash. Prior to this sale

he had a (at) least $15,000.00 in money and Government Bonds. He has refused to give petitioner any of the money which she helped him to earn. He now plans to leave the State and abandon her. That she owns no property and has no income. The defendant has told her that he has drawn all of his money out of the banks and has placed the same where she cannot get it. She is informed that he has purchased cashier's checks payable to himself to keep her from getting any of the money. On one occasion he told her that she could not go with him when he left the State but that he was leaving. He will not tell petitioner where he is going or what he plans to do and she knows that he plans to go and intends to abandon her and leave her penniless. That all of his property consisting of some $30,000.00 is now in Government Bonds.

"Defendant has cursed, abused and threatened her, and has denied her clothes and other necessities of life, has accused her of lying, has criticised her and her people, telling her they were ignorant and simple minded, has refused to provide a home for her and has done everything he could to make her home life so unpleasant that she would be compelled to leave. That she is without fault in the matter. That she loved the defendant and tried in every way possible to make him a good wife.

"That he would become angry without any cause whatever and be mean and abuse her, until she is very much afraid of him and that she is in a highly nervous condition and her health is permanently impaired.

"That she is a woman of culture and refinement and that to be accused by the defendant of lying and to have her integrity questioned by him and his general abuse and mistreatment of her is most humiliating and constituted extreme cruelty on part of defendant."

Following these allegations, the petition charges that defendant has offered such indignities to petitioner's person as to render her condition intolerable and force her to withdraw and that defendant has been guilty of such cruel and inhuman treatment or conduct toward petitioner as to render it unsafe and improper for her to live or cohabit with him and be under his dominion and control. The petition further charges that the defendant was concealing himself and his property and was about to remove himself and property out of the State privately and fraudulently and prayed for writs of injunction and ne exeat.

Later, the bill was amended reiterating in general the charges of abuse and mistreatment contained in the original petition and adding:

"On one occasion he threatened to throw her down the stairway because she got a negro woman to help her do some house work."

It is insisted that the amendment cannot be considered because the appended affidavit is not in the language required by the statute for a bill for divorce in that it fails to reaffirm petitioner's good faith in making the complaint and fails to negative levity and collusion. We think the policy of the statute was served when the proper affidavit was attached to the original petition and that it was unnecessary to again take the required oath.

Code, Section 8430, requires that a bill for divorce shall set forth particularly and specifically the causes of the complaint, with circumstances of time and place, and with reasonable certainty. It is charged with much earnestness and vigor that the petition in this case is deficient because the circumstances of time and place are not alleged with the required particularity. While the

argument is plausibly presented, we think an analysis of the petition will demonstrate its sufficiency.

The whole tenor and import of the petition and amendment was that defendant had embarked upon a course of mistreatment designed to reduce petitioner to such a state of ill health, servility, want, humiliation and fear that she would be forced to withdraw and that defendant, when the bill was filed, was scheming to appropriate to himself the benefit of her labor over a period of two years while she worked in the store without compensation except the barest necessities of life and leave her penniless and helpless.

According to the petition, all of this occurred after the parties moved to Brownsville and purchased the store and during the two years before the bill was filed. Much of the mistreatment alleged is fairly shown to have occurred in the store within this two year period and "in the presence of strangers and friends." It is further alleged that "recently" the store had been sold and "on yesterday" that defendant had stated that he had withdrawn all of his money from the bank so that petitioner could not get anything and that he intended to abandon her and leave the State with all his money without telling where he was going.

Much of this material is of a general nature designed to charge a course of conduct as reflected by many little things none of which, standing alone, would constitute a sufficient ground for divorce but which, in the aggregate, add up to extreme cruelty and indicate a wanton disregard of petitioner's sensibilities as a woman of refinement. Such charges do not readily lend themselves to great detail and particularity as to time and place. For example, unless petitioner kept a diary it would not be expected that she would remember the dates when she

was cursed, abused and humiliated. The bill does charge that these things occurred in the store while petitioner worked there. The law will not require the impossible and we think the petition, as amended, is amply sufficient to put defendant on notice of the charge he would be required to answer. This is the purpose of the statutory requirement and all that is required. Brown v. Brown, 159 Tenn. 551, 553, 20 S. W. (2d) 1037.

Like general charges implying a course of conduct with no more particularity as to time and place have been sustained as a sufficient compliance with the statute, especially where, as here, the defendant proceeds in apparent acceptance of the sufficiency of the allegations of the petition without questioning either the pleadings or the admissibility of the proof under the pleadings during the course of the trial. Brown v. Brown, supra; Baeyertz v. Baeyertz, 171 Tenn. 190, 196, 101 S. W. (2d) 689; Meeks v. Meeks, 27 Tenn. App. 279, 179 S. W. (2d) 189.

It is to be remembered that only reasonable, and not mathematical, certainty is required. Brown v. Brown, supra; Dismukes v. Dismukes, 1 Tenn. Ch. 266; Meeks v. Meeks, supra. We think the petition in this case measures up to this standard or, at least, that any doubt as to its sufficiency at this stage of the case should be resolved against its insufficiency. Brown v. Brown, supra.

We are unable to say that the evidence preponderates against the judgment insofar as it rests upon the ground of cruel and inhuman treatment. Numerous witnesses sustain the charges set forth in the bill that defendant failed to provide a suitable home for petitioner although using her services as a clerk in the store and amply able to do so out of his means; that he bought her only the barest necessities in the way of clothing; that he continually cautioned her to buy only what she had to

have and not to take medicine or call a doctor but to let nature take its course; that he repeatedly humiliated petitioner by cursing and abusing her before customers and friends, calling her, among other things, a "damned bitch" and saying that she "was too damned ignorant to know what a toilet is for" and 'too damned ignorant to run a business." These are only examples of the verbal abuse heaped upon her and they were repeated and continuous and wholly undeserved and unprovoken, the proof showing that petitioner would meet defendant's abuse with a "soft answer" and implore him to desist, especially in the presence of customers, but he would continue his abuse and petitioner would cry and go to her people for consolation and comfort. Such mistreatment caused her to be highly nervous if not actually ill.

Defendant's conduct cannot be justified as an occasional outburst of temper. His abuse was heartless, humiliating and continuous. And, finally, after using petitioner in this manner, defendant, it appears, was scheming to get rid of her and leave her without means of support. We think all of this, taken together, in view of its effect upon petitioner's nervous system, constitutes cruel and inhuman treatment within the meaning of the statute.

In Gardner v. Gardner, 104 Tenn. 410, 58 S. W. 342, 343, 78 Am. St. Rep. 924, the court speaking through Mr. Justice McAlister, said:

"It is now well settled by this court that cruel and inhuman treatment, within the meaning of the statute, is not confined to acts of personal violence, but includes such treatment as endangers the wife's health and renders cohabitation intolerable.

"In 5 Am. & Eng. Enc. Law (Old Ed.), p. 790, it is said, 'Cruelty, as a cause of divorce, is the willful, persistent causing of unnecessary suffering, whether in real-

ization of apprehension, whether of body or mind, in such a way as to render cohabitation dangerous and unendurable.' "

To the above case may now be added a number of later decisions holding to the same effect including Fitzpatrick v. Fitzpatrick, 131 Tenn. 54, 173 S. W. 444; Parks v. Parks, 158 Tenn. 91, 11 S. W. (2d) 680; and Meeks v. Meeks, 27 Tenn. App. 279, 179 S. W. (2d) 189.

As said by Judge Baptist in Meeks v. Meeks, supra, cruelty warranting a divorce may result from a continuing course of abusive and humiliating treatment of one spouse by another, as in the case of a course of conduct calculated to torture the complaining spouse's mental or emotional nature and effecting his or her bodily health.

The prevailing rule is that a systematic and continued use by the husband of profane and unkind language toward the wife, causing mental suffering and threatening permanent injury to her health, entitles her to a divorce on the ground of cruel and inhuman treatment, where the wife is a woman of refinement and emotional sensibilities, especially when coupled with other misconduct. 27 C. J. S., Divorce, Sec. 28, p. 559.

For the reasons indicated the assignments directed to the sufficiency of the allegations and proof to sustain a decree in favor of the petitioner on the ground of cruel and inhuman treatment are overruled.

It is insisted that the bill should be dismissed on the ground of condonation. We are not cited to any pleading in the record raising this question; nor does it appear that it was considered by the trial judge. If we should sustain this defense and dismiss the bill defendant would be free to carry out his announced intention of placing his property beyond petitioner's reach. The record suggests that petitioner continued living with defend-

ant until the day the bill was filed but that she was merely attempting to outmaneuver the defendant in his plans to sequester his property and remove himself from the State to a destination unknown. Under the circumstances, we feel justified in holding the defense of condonation inept and without merit.

We think there was no error in granting the writ of ne exeat in view of the proof, to which we have already alluded in part, that defendant had converted his assets to cash and deposited it in banks outside the State and had his baggage packed when process was served upon him.

Aside from the question of alimony, it is necessary to notice only one other point made by the assignments. It is insisted that the court erred in predicating the decree upon a finding that defendant had been guilty of such indignities toward petitioner as to render her condition intolerable and force her to withdraw. It is insisted that the language of Subsection (2) of Code, Section 8427, necessarily implies physical violence and that none has been shown in this case. This part of the statute reads:

"(2) That the husband has offered such indignities to the wife's person as to render her condition intolerable, and thereby forced her to withdraw."

This subsection seems never to have been construed in any reported case, but we think defendant is correct in his insistence that the language "to the wife's person" means the infliction of corporal pain or, at least, an attempt to do so.

Since we find that the record sustains the decree under Subsection (1), our conclusion as to the second will not affect the result but the decree will be modified to elim-

inate, as a ground for divorce, the infliction of indignities to the wife's person.

 This brings us to the question of alimony and attorneys' fees. The trial court made an award of $5,250 as alimony and $750 as attorneys' fees. Both parties complain of the award for alimony. There was no specific finding as to defendant's worth. The business owned by defendant was sold for $15,000 cash and it is not shown that defendant owed more than a few small accounts. He denies having any other assets. In view of the fact that petitioner worked in the store for two years without compensation and was largely responsible for its success, we cannot say the trial judge abused the discretion vested in him (Walden v. Walden, 13 Tenn. App. 337) in fixing the amount of alimony. The assignments of both parties directed to the amount of alimony are, accordingly, overruled.

Affirmed and remanded for the allowance of a proper fee for the services rendered by attorneys for petitioner in this Court. Costs will be taxed to defendant and paid out of funds deposited in lieu of appeal bond.

Anderson, P. J., and Ketchum, Baptist, Felts, Hickerson, Hale, and Burnett, JJ., concur.

HOWELL, J. (concurring). I concur in the result. I do not, however, think that the code section as to indignities to the wife's person should be limited to "the infliction of corporal pain or, at least, an attempt to do so." The case should be affirmed without modification and remanded.