MIDDLE TENNESSEE ELECTRIC MEMBERSHIP CORP. *et al.* *v.* STATE *ex rel.* ADAMS.

(*Nashville,* December Term. 1951.)

Opinion filed March 7, 1952.

ALFRED T. MACFARLAND, of Lebanon, and ALFRED B. HUDDLESTON, of Murfreesboro, for appellants.

HOYT BRYSON, of Woodbury, and GRANVILLE S. RIDLEY, of Murfreesboro, for appellees.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

Dr. K. T. Hutchinson was elected a member of the Board of Trustees of the Middle Tennessee Electric Membership Corporation for the year ending August 24, 1951. The question presented is whether under the by-laws of that Corporation he was eligible to be a trustee that year. The Chancellor held that he was not. Dr. Hutchinson individually, and as President of the Board, and Mr. Odom, as Treasurer, and the Corporation have appealed. They were the defendants.

Middle Tennessee Electric Membership Corporation was created for the purpose of supplying electric energy to its members in a specified area embracing seven adjoining counties or parts of counties. One of these counties is Rutherford. The governing body of the corpo-

ration consists of nine trustees who are elected annually from and by its members. The officers are elected from and by that Board of Trustees.

Appellant, Dr. Hutchinson, has been a member and president of the Board since the organization of the corporation in about 1936. His domicile has continuously been, and is now, Rutherford County.

The by-law in question (Article II, Section 2) provides: "No member shall be eligible to become or remain a trustee or to hold any position of trust in the Cooperative, who is not a bona fide resident in the area served by the Cooperative".

In August, 1949 Dr. Hutchinson became an Assistant United States Secretary of Agriculture. The duties of that office made it necessary for him to actually reside in or around Washington. Accordingly, he took his family in August of 1949 to a place in Maryland where he and they now actually live in an apartment rented by him. He will return to Rutherford County when he ceases to hold his present office in Washington.

The by-laws require the Board of Trustees to meet once a month, in addition to any called meeting. These meetings are at Murfreesboro. The members are paid a per diem for attendance at these meetings and travel expenses to and from their places of residence and the place of meeting. Dr. Hutchinson, since going to Maryland, has generally traveled by plane in attending these meetings. His expenses are paid by the corporation.

The by-laws of a corporation are as much a part of the law of that corporation, so long as they are in force, as are the charter provisions. *State ex rel. College of Bishops of M. E. Church, South* v. *Board of Trust of Vanderbilt University*, 129 Tenn. 279, 341, 164 S. W. 1151. When the construction of any such by-law is called

in question its construction presents a question of law. That question here is as to what is the proper construction of the expression "a bona fide resident in the area served by the Cooperative" in Article II, Section 2 of the by-laws providing that no member who is not such a resident shall be "eligible to become or remain a trustee".

Though an individual may have only one domicile, he may have two residences, one of them being his legal residence and the other his actual residence. *Denny* v. *Sumner County,* 134 Tenn. 468, 474, 184 S. W. 14, L. R. A. 1917A, 285. Dr. Hutchinson's legal residence is undoubtedly in Rutherford County. It is equally clear that his actual residence is in Maryland. So, our problem gets down to the question of whether the expression "bona fide resident" in Article II, Section 2 of the by-laws means *actual* residence, as well as domicile.

Section 1 of Article III of the by-laws provides that the "nine trustees shall be elected so as to give equitable representation on the Board of Trustees to the geographical area served by the Cooperative". The Chancellor took this by-law into consideration in construing the expression "bona fide resident in the area served" and said with reference thereto that: "It was also the purpose of the corporation and its members that each area so served should be represented by directors or trustees who live in their respective areas".

After further discussing the question the Chancellor concluded as follows:

"If 'bona fide resident in the area served', means only domiciled in the area, then the members at its next annual meeting might elect nine trustees who reside hundreds or thousands of miles from the area they represent.

"As heretofore pointed out, the trustees are limited in their number. There are four principal areas served by the corporation. Cannon County has one trustee. That one trustee might because of his health or business be required to remain away from his home county at a great distance for many months or even years.

"Could it be said that it was the intention of the members of the corporation in the enactment of these by-laws that this trustee could remain away from his home at a great distance for so long a time and yet hold membership on this Board of Trustees? Clearly it was not so intended.

"The only reasonable conclusion that may be drawn is that the members of this corporation who enacted these by-laws intended at the time of their enactment that the trustees would be required to have their physical presence in the area represented by them and in the area served by the cooperative. Any other interpretation might result in absurd consequences."

This reasoning of the Chancellor is logical and reaches what seems to be a practical result. A result to the contrary might be very impractical.

Among the officers elected from the Board of Trustees is a secretary and a treasurer. It is the duty of the secretary to keep the minutes. He is custodian of the corporate records and its seal. He has charge of the books. The treasurer is the custodian of all the funds and securities. He receives and gives receipts for moneys due the Cooperative. The duties of these two officers. who must be trustees, are incompatible with any other thought than that they should actually reside within the area served by this Cooperative. As stated by the Chancellor, any other conclusion with reference to these two officers "might result in absurd consequences".

In defining the kind of residence which this by-law said the Trustees must maintain, it used the expression "bona fide". That expression must be given some meaning. About the only logical meaning it can be given as there used is that it was used in the sense of "actual", thereby meaning that each Trustee should maintain his actual residence in the area to be served. In the 1951 Pocket Part to Volume 5 of Words and Phrases there will be found the following statement: "The term 'bona fide residence' means residence with domiciliary intent, i. e., a home in which the party actually lives." *Alburger* v. *Alburger,* 138 Pa. Super. 339, 10 A. (2d) 888, 890.

The decree of the Chancellor will be affirmed. The Costs of the appeal will be adjudged against the corporation.