.HERBERT STEPHENSON, et al. v. LOUISE STE-
PHENSON, Adm'x.—298 S. W. (2d) 36.

Eastern Section.   July 10, 1956.

Petition for Certiorari denied by Supreme Court, December 7, 1956.

660

Raymond A. Graham, Chattanooga, for plaintiffs in error.

Whitaker, Hall & Haynes and Charles W. Lusk, Jr., Chattanooga, for defendant in error.

McAMIS, P. J. This case involves the right to administer upon the estate of Albert Stephenson who died intestate in Hamilton County, Tennessee, January 13, 1953. From a judgment of the County Court holding that she was never legally married to the intestate, Louise Stephenson appealed to the Circuit Court where the validity of her marriage and the right to administer upon the estate were sustained.

From the judgment of that court the children of the intestate by a former marriage have appealed insisting (1) that Louise Stephenson was never legally divorced from her former husband, Wilmer Jacobs, but (2), if so, the decree of divorce inhibited her from contracting a

second marriage without the permission of the Circuit Court of Talladega County, Alabama, which was never obtained.

The first ground of attack upon the divorce decree relates to an alleged failure of the divorce bill of Wilmer Jacobs to charge desertion for a period of one year *next* preceding the filing of the bill as required by the Alabama statute authorizing a divorce: "For voluntary abandonment from bed and board for one year next preceding the filing of the bill."

The bill for divorce, filed by Wilmer Jacobs September 25, 1945, contains the following allegation:

" 'That your orator is over 21 years of age and is a bona fide resident citizen of Talledega County, Alabama, and has been such a bona fide resident citizen of said county for more than one year next preceding the filing of this bill of complainant and that Louise Jacobs, who is made a party respondent to this bill of complainant, is over 21 years of age and is a non-resident of the State of Alabama and resides at 1228 Cypress Street at Chattanooga, in the State of Tennessee.' "

" 'That your orator and the said Louise Jacobs were heretofore married to each other, and that after said marriage the said Louise Jacobs voluntarily abandoned the bed and board of your orator and that said abandonment has been continuous as well as voluntary for more than one year prior to the filing of this bill of complaint, and that said abandonment by the said Louise Jacobs was without just cause.' "

It will be noted that, while the bill charges prior continuous abandonment for more than the one year required by statute, it fails to relate the period to the date of the filing of the bill. It is strenuously argued that this omission renders the decree fatally defective under the Alabama cases of Martin v. Martin, 1911, 173 Ala. 106, 55 So. 632; Smith v. Gibson, 1915, 191 Ala. 305, 68 So. 143; Wilkerson v. Wilkerson, 1935, 230 Ala. 567, 161 So. 820; Perry v. Perry, 230 Ala. 502, 162 So. 101 and Rambo v. Rambo, 245 Ala. 98, 16 So. (2d) 4.

The most persuasive of these cases because of the similiarity of pleading is Martin v. Martin. In that case a collateral attack was made upon the decree of divorce on the ground that the bill failed to allege the requisite period of residence *next* preceding the filing of the bill. The court held [173 Ala. 106, 55 So. 634] that an allegation of residence "most of the time" for the required period added to the omission to state that the period of residence alleged was *next* before the filing of the bill made the bill fatally defective and that the divorce decree was void.

Smith v. Gibson, decided four years later, involved a collateral attack upon a divorce decree rendered pursuant to an allegation of residence for three years "preceding the filing of his bill". [191 Ala. 305, 68 So. 144.] In disposing of the contention that the omission of the word "next" rendered the decree void, the court discussed Martin v. Martin and said:

"In the case now before us the attack upon the divorce decree is collateral as it was in Martin v. Martin. But in another respect the case is different, and the difference is altogether sufficient to justify the

decree of divorce. We have quoted the pertinent averment of the bill leading to the decree here in question. The substance of it was that complainant Kelly has been a bona fide resident of this state for more than three years 'preceding' the filing of his bill. It is possible that this bill would have been held defective on a demurrer taking the point that complainant did not show that he had resided in the state for three years 'next' preceding the filing of his bill, for then the question would have been one of pleading, and all intendments would have been made against the pleader. But a ruling to that effect would not determine the question at issue, for here, as we have already noted, the attack is collateral, and the result depends upon a proper application of the rule of King v. Kent's Heirs, 29 Ala. 542, and those numerous adjudications which have followed the precedent of that case. The propriety of the rule is not questioned in Martin v. Martin, supra, and it is there stated as follows: Where a judgment or decree is collaterally assailed, every reasonable intendment, as a matter of construction only, will be made in favor of its validity.''

Wilkerson v. Wilkerson, supra, points up the distinction between cases where the petition is tested by demurrer and cases where a collateral attack is made. We quote:

''But in construing proceedings in divorce cases, though the court is of statutory and limited jurisdiction, a construction will be given that will sustain their validity, if it is reasonable, and all reasonable intendments and presumptions indulged in their favor.

"* * * It shows that it [abandonment] occurred more than two years next preceding the filing of the bill, and that it existed at the time of its filing, but omits to aver that it continued throughout the intervening period—the proof was sufficient in this respect. The bill was subject to demurrer on that ground, for on demurrer to the bill all presumptions and intendments are taken against the complainant. But we have shown that on collateral attack all reasonable intendments and presumptions are taken in its favor. Although the bill does not affirmatively allege that the abandonment continued for the two years next preceding the filing of the bill, such is a reasonable intendment and presumption on collateral attack, sufficient to invoke the jurisdiction of the court in that respect." [230 Ala. 567, 161 So. 823.]

■ Out of public concern for the marriage relationship and the legitimacy of children this rule should be given special application in determining the validity of decrees in divorce proceedings. To hold contrary, in presuming against the sufficiency of pleadings and applying the rule of strict construction, would lead to great mischief and uncertainty.

"* * * After judgment every reasonable intendment will be indulged to sustain the complaint as against an attack for failure to state a cause of action." 17 Am. Jur. 302. We think the complaint here under attack can be reasonably construed as stating a cause of action.

■ We, therefore, agree with the holding that the divorce decree in the Jacobs suit, on collateral attack, cannot be held void.

Some further development of the facts is necessary before considering the attack on the marriage of Louise Jacobs to Albert Stephenson, deceased, based on the prohibition against her remarriage, contained in the Alabama decree.

On October 10, 1945, Wilmer Jacobs obtained a decree of divorce in Alabama from Louise Jacobs (now Stephenson) on the ground of voluntary abandonment. The decree provided: "That the complainant (Wilmer Jacobs), but not the respondent may again contract marriage, as provided by law in this State * * *"

Albert Stephenson and Louise Jacobs went through a ceremonial marriage in the State of Georgia on April 24, 1951. They lived together as man and wife in Hamilton County, Tennessee, from that date until Stephenson's death on January 13, 1953. Louise Jacobs, at the time of the Alabama divorce proceedings, resided in Hamilton County, Tennessee, and was brought before the court by constructive service of process. She made no application for permission to remarry as authorized by Alabama law, and her former husband is still living.

There is no evidence that the marriage was celebrated in Georgia to evade the laws of Tennessee where the parties were domiciled, as in Pennegar & Haney v. State, 87 Tenn. 244, 10 S. W. 305, 2 L. R. A. 703, or of Alabama where the decree was rendered. In the absence of such intent, the great weight of authority is that decrees limiting the right of remarriage as well as statutes so providing will not be given extra-territorial effect. 27 C. J. S., Divorce, sec. 182 b, p. 842; 17 Am. Jur. 358, Divorce and Separation, Sec. 427. It appears that Alabama recognizes the validity of marriages celebrated beyond the

limits of the State even though in violation of a divorce decree rendered by one of her courts. McLaughlin v. McLaughlin, 201 Ala. 482, 78 So. 388; Smith v. Goldsmith, 223 Ala. 155, 134 So. 651. The Courts of Georgia where the marriage was celebrated apply in the same way a similar Georgia statute. Montgomery v. Gable, 61 Ga. App. 859, 7 S. E. (2d), 426; Brown v. Sheridan, 83 Ga. App. 725, 64 S. E. (2d) 636; Bituminous Casualty Co. v. Wacht, 84 Ga. App. 602, 66 S. E. (2d) 757. See also Annotation 47 A. L. R. (2d) 1405, 7.

Affirmed with costs and remanded.

Hale and Howard, JJ., concur.