412

# MARY ROBLE v. BEN E. ROBLE.—295 S. W. (2d) 817.

Middle Section. July 27, 1956.

Petition for Certiorari denied by Supreme Court December 7, 1956.

J. B. Watson, Jr., Nashville, for Mary Roble.

R. C. Boyce, Jr. and J. C. Frierson, Nashville, for Ben E. Roble.

FELTS, J. On May 24, 1954, Mary Roble was granted an absolute divorce from Ben E. Roble by a decree of the First Circuit Court of Davidson County, Tennessee, upon the grounds of cruel and inhuman treatment. They had a small minor child, Ben David Roble, who was in the actual care and custody of the mother. The divorce decree did not make any provision for her support or for the custody or support of the child.

On June 20, 1955, Mary Roble filed the petition herein asking the court, which had decreed the divorce, to make an order on Ben E. Roble for support of their child. She averred that she had not sought an order for the child's support at the time of the divorce, because she was then employed and Ben E. Roble was considerably in debt; that she had since had the custody and been supporting the child and he had been paying her an average of only about $35 per month for the support of the child. But that he was now earning more than $600 per month and was able to help her support the child.

Ben E. Roble filed an answer stating that since the divorce decree he had been paying $35 per month and that he was not not able to pay any more. He denied that he was earning $600 per month. He also averred that "according to the decree the defendant was granted the privilege of seeing his child at reasonable times and places"; but that petitioner had refused to accord this

privilege to him on one pretext or another; and he denied that he should be required to make any further contribution to the support of the child.

The cause was heard upon petition, the answer, and oral proof; and the court found that defendant was able to pay $50 per month toward the support of the child and should pay petitioner's solicitor a fee of $100. The decree, however, recites that the court, on examining the record, found that the divorce decree failed to award the custody of the child to either party and did not make any provision for the child's support. The court, therefore, was of the opinion that it did not have any jurisdiction to consider the petition, and accordingly dismissed it.

Petitioner appealed and has assigned this action of the court for error. We think the assignment must be sustained. While the husband's obligation to support the wife was ended by the divorce, his obligation to support their minor child continued after the divorce. The duty to support the child was a joint obligation of both parents, notwithstanding the fact that the mother had actual custody of the child and the fact that the divorce decree made no provision for the child's support. Coleman v. Coleman, 190 Tenn. 286, 229 S. W. (2d) 341. And our statutes preserve the jurisdiction of the divorce court to make such provision for the custody and support of the child upon application of either of the divorced parents.

Code section 8446 (now T C A 36-820) provides that when the court grants a divorce to the wife where there are minor children, the court may decree suitable support for her and the children by the husband, or out of his

property, *"the order or decree to remain in the court's control;* and, on application of either party, the court may decree an increase or decrease of such allowance on cause being shown". (Italics ours.)

Code section 8454 (now T. C. A. 36-828) provides that in divorce suits where the custody of a minor child is involved, the court may award the care, custody, or control of such child to either of the parties to the suit or to some other suitable person, as the welfare of the child may require, and the court may decree that suitable support be made by the father. "Such decree shall *remain within the control of the court* and be subject to such changes or modification as the exigencies of the case may require". (Italics ours.)

In the case before us, the fact that the divorce decree made no provision respecting the custody or support of the child was immaterial; for the effect of these statutes was to retain the case in Court and preserve its jurisdiction to make such a provision at any time on the application of either of the divorced parents. It was so held in Davenport v. Davenport, 178 Tenn. 517, 160 S. W. (2d) 406, 409.

In the Davenport case the decree, divorcing the parties, made no provision for support of the wife or of their children, which were in her actual custody. It was held, however, that the effect of these statutes, in every divorce case where there are minor children, was to retain the case in the divorce Court and preserve the Court's jurisdiction as to "all questions involving the custody or support of the minor children of the parent parties, with power to make all 'such changes or modifications' in the decree 'as the exigencies of the case may require' ".

 It is insisted by learned counsel for the father that the court had no jurisdiction to order the father to contribute to the support of the child, since the custody of the child had not been fixed by decree, and that the court could not now award such custody to either party since neither had prayed for it.

Since the actual custody was already in the mother, there was no necessity for any decree awarding it to her.. The father is free to ask for such custody whenever he may desire. We think the right of the child to support by the father, and the right of the mother to look to him to help support the child, cannot depend upon such a technicality, or be affected by the omission of the divorce court to enter a formal decree awarding the custody to the mother.

The judgment of the Circuit Court dismissing the petition is reversed and the cause is remanded to that Court for further proceedings not inconsistent with this opinion. The costs of the appeal in error are adjudged against defendant Ben E. Roble.

Hickerson and Shriver, JJ., concur.