GEORGIA HUTCHINS SNODGRASS, Complainant, Appellant, v. CLARENCE MAJOR SNODGRASS, Defendant, Appellee.—357 S. W. (2d) 829.

Eastern Section. October 21, 1961.

Rehearing Denied December 1, 1961.

Certiorari Denied by Supreme Court April 4, 1962.

608

Wilbur W. Piper, Knoxville, for appellant.

Joseph F. Denney, Oak Ridge, for appellee.

McAMIS, P. J.   The bill in this case makes a direct attack upon a decree of divorce in a previous suit between the parties upon the dual grounds that the Court in the prior suit was without jurisdiction and that the decree is void because the grounds of divorce were not alleged with the required particularity as to time and place.  Mrs. Snodgrass has appealed from a decree dismissing her suit, renewing here the same grounds of attack.

Both parties are natives of Buncombe County, North Carolina.  The jurisdictional question raised by the bill is the allegation that defendant had not been a bona fide resident of Anderson County, Tennessee, more than one year prior to February 11, 1960, when he sued for divorce in the Trial Justice Court of that County.

T. C. A. sec. 36-803 provides:

"Residence Requirements.—A divorce may be granted for any of the aforesaid causes, though the acts complained of were committed out of the state, or the petitioner resided out of the state [of Tennessee,] at the time, no matter where the other party resides, if the petitioner has resided in this state one (1) year next preceding the filing of the bill or petition."

Defendant insists that he became a resident of Tennessee in 1956 when he accepted permanent employment at Oak Ridge with the Union Carbide Nuclear Company. The divorce was granted upon constructive service of process by publication.  No fraud is charged in the bill.

Since it is not relied upon by defendant, we do not pass upon the question whether the divorce decree constitutes res judicata that defendant at the time the bill for divorce was filed was a resident of Tennessee.

On July 16, 1956, defendant became field representative for Union Carbide Nuclear Company with headquarters at Oak Ridge, Tennessee. As his work required he travelled to various points throughout the United States inspecting work for his employer. As we understand, he at first only maintained a room in one of the dormitories at Oak Ridge. But in the Spring of 1958 he began living in a house at 119 West Arrowwood Road in Oak Ridge.

As the culmination of a long courtship, including a period of several years prior to the time defendant obtained a divorce from his first wife, the parties were married in Anderson County on September 4, 1958. After spending a few days at the home of complainant's mother in Asheville, N. C., defendant returned to 119 West Arrowwood Road in Oak Ridge. Complainant, with the exception of one trip to Oak Ridge one Sunday afternoon, continued at all times thereafter to reside with her mother and a child of the parties at Asheville, N. C.

Defendant testified that he tried to persuade complainant to live with him in his home in Oak Ridge but that she refused and that his visits with her were confined to week-ends when he could make the trip to Asheville. During this time he bought some utilities or furniture for the home in Asheville where complainant was staying with her mother. He also bought a car in Asheville. In these contracts he listed his address as that of complainant and her mother. Until he filed his income tax

for the year 1959 his returns were made at Greensboro, N. C. For the year 1959 complainant refused to file a joint return. Defendant then made his return for that year in Tennessee. These circumstances are relied upon by complainant as showing that defendant was domiciled in his native state of North Carolina.

Defendant testified, however, that he last voted in North Carolina in 1952 and voted in Tennessee in 1958 and 1960; that after 1956 when he accepted employment at Oak Ridge his mailing address was Oak Ridge where he also kept his checking account in a local bank; that, even when away on trips for as much as a month, his mail was also sent to his Oak Ridge address and that it was his intention to make Oak Ridge his home during all of the years in question.

■ The term "residence" in our divorce statute is to be construed as equivalent to "domicile". Brown v. Brown, 150 Tenn. 89, 91, 261 S. W. 959; Tyborowski v. Tyborowski, 28 Tenn. App. 583, 192 S. W. (2d) 231.

■ "Domicile" is defined as the place "where a person has his principal home and place of enjoyment of his fortunes; which he does not expect to leave, except for a purpose; from which when absent, he seems to himself a wayfarer; to which when he returns, he ceases to travel." White v. White, 3 Head 404, 40 Tenn. 404; Tyborowski v. Tyborowski, supra.

It is customary for a person to vote at his place of permanent employment. Such employment and the exercise of the right of suffrage coupled with the maintenance of a place of abode are of great significance in determining domicile and we think outweigh the proof offered by complainant outlined above.

█ If it be conceded that defendant resided for short periods with his wife in Asheville it still does not follow that Asheville was his domicile. It is well settled that a person may have two or more actual residences but only one domicile. Middle Tenn. Elec. Membership Corp. v. Stile, 193 Tenn. 513, 246 S. W. (2d) 958; State ex rel. Sprague v. Bucher, 38 Tenn. App. 40, 270 S. W. (2d) 565.

We think the Chancellor was correct in holding that the Trial Justice Court had jurisdiction to grant the divorce.

█ We have also concluded after careful consideration that the decree is not void because of any deficiency in failing to charge time and place with the required particularity. We quote the portion of the bill for divorce material to this question:

"That shortly after the marriage due to the defendant's insistence on living with her mother in Asheville, North Carolina, a very bad situation was created for the complainant as the defendant refused to create a home for them in Oak Ridge, Tennessee, where the complainant resides and is employed. The complainant did all within his power to persuade the defendant to live with him in Oak Ridge, but the defendant, without reasonable cause, refused to comply with complainant's numerous requests in regard thereto.

"Notwithstanding the aforesaid facts the complainant undertook to make a success of the marriage and would go to Asheville to be with the defendant as his work permitted. In a very few months the defendant began cooling in her ardor with and to the complainant and on the occasion of the visits to her would manifest a

complete indifference to him. Defendant frequently said to complainant that their marriage was a mistake and should never have taken place.

"Specifically the complainant avers that the defendant wilfully refused to carry out her conjugal duties with him; that on most of his visits to Asheville, she denied her person to him in the matter of physical relations and that since December 16, 1959, she has refused completely to cohabit with him, stating that she did not intend to ever do so again. All of the aforesaid actions were without just cause on the part of the defendant.

"The defendant has refused to live with and make a home for the complainant in Oak Ridge from the time of their marriage until the filing of this bill.

"The complainant further alleges that all of the aforesaid actions of the defendant have caused the complainant to remain in a nervous and upset condition, and that his work has suffered greatly, and his social life has been highly impaired."

It will be seen that in general the bill charges a course of conduct over the period of time between the marriage in 1958 and the filing of the bill on February 11, 1960, making applicable here what this court sitting en banc said in Garvey v. Garvey, 29 Tenn. App. 291, 203 S. W. (2d) 912:

"Much of this material is of a general nature designed to charge a course of conduct as reflected by many little things * * *. Such charges do not readily lend themselves to great detail and particularity as to time and place. For example, unless petitioner kept a diary it would not be expected that she would remember dates when she

was cursed, abused and humiliated. The bill does charge that these things occurred in the store where petitioner worked. The law will not require the impossible and we think the petition, as amended, is amply sufficient to put defendant on notice of the charge he would be required to answer. This is the purpose of the statutory requirement and all that is required. Brown v. Brown, 159 Tenn. 551, 553, 20 S. W. (2d) 1037.''

■ As we have held, complainant was properly before a court of competent jurisdiction in the divorce suit. She made no appearance to question the sufficiency of the bill although she admits that she learned of the divorce decree before it became final. Having failed to apply to the Trial Justice Court for the relief she now seeks, in an independent proceeding every intendment should be indulged in favor of the sufficiency of the bill. Cf. Brown v. Brown, supra; Clothier v. Clothier, 33 Tenn. App. 532, 232 S. W. (2d) 363.

''After judgment every reasonable intendment will be indulged to sustain the complainant as against an attack for failure to state a cause of action.'' 17 Am. Jur. 302.

As said in Stephenson v. Stephenson, 41 Tenn. App. 659, 298 S. W. (2d) 36, out of public concern for the marriage relationship ''this rule should be given special application in determining the validity of decrees in divorce proceedings. To hold contrary, by presuming against the sufficiency of the pleadings and applying the rule of strict construction, would result in great mischief and uncertainty.''

■ There remains only the last assignment of error complaining because the court failed to make an award for the future support of the child of the parties.

T. C. A. sec. 36-828 provides that in divorce proceedings the question of the future custody and support of minor children remains within the control of the court acting on the divorce petition and is subject to future modification whether or not the decree retains the case on the docket of that court. Davenport v. Davenport, 178 Tenn. 517, 160 S. W. (2d) 406; Roble v. Roble, 41 Tenn. App. 412, 295 S. W. (2d) 817. Since that court still has jurisdiction the Chancellor was correct in not making an award. However, the dismissal will be without prejudice to the right to apply to the Trial Justice Court for such relief at any future time.

■ Since the suit to have the decree of divorce vacated was properly dismissed complainant is not entitled to counsel fees. 17 Am. Jur. 714.

We find no error and it results that the decree is in all respects affirmed with the modification indicated. Costs will be adjudged to appellant and surety.

Hale and Cooper, JJ., concur.

On Petition To Rehear

McAMIS, Presiding Judge.

■ Mrs. Snodgrass has filed a petition to rehear which in the main is but a reargument of grounds previously urged for reversal. However, out of deference to counsel we will respond to the insistence that Mr. Snodgrass had not been a resident of Anderson County for one year before the bill for divorce and for that reason is limited to grounds occurring in this state. We held that he was a resident of Anderson County but, upon reading our former opinion, it seems to be only implied that he had

been a resident of that county for more than one year before the bill was filed. We now hold that he had been a resident of Anderson County for more than one year before the bill was filed.

█ Where this is so, the complaining spouse is not limited to grounds occurring in Tennessee but may rely on grounds occurring in another state. Carter v. Carter, 113 Tenn. 509, 512, 82 S. W. 309; Gibson's Suits in Chancery, Higgins and Crownover, Section 1089.

We are satisfied with the result of our former opinion. It results that the petition to rehear is considered to be without merit and is overruled at petitioner's cost.

Hale and Cooper, JJ., concur.