# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
October 24, 2012 Session

## TORRIE SCHNEIDER LONGANACRE v. MATTHEW ROBERT LONGANACRE

**Appeal from the Chancery Court for Montgomery County**
**No. MCCHCVDI10490      Laurence M. McMillan, Chancellor**

---

**No. M2012-00161-COA-R3-CV - Filed January 16, 2013**

---

PATRICIA J. COTTRELL, P.J., M.S., dissenting.

I dissent from the majority because I believe that the evidence preponderates against the trial court's finding that the husband did not prove a ground for divorce. My review of the record leads me to conclude that the husband did, in fact, produce unrebutted evidence that established the ground of inappropriate marital conduct.

> While there appears to be some lack of unanimity in appellate decisions on the specific words to be applied in defining inappropriate marital conduct, the basic question remains whether either or both of the parties engaged in a course of conduct which (1) caused pain, anguish or distress to the other party and (2) rendered continued cohabitation "improper," "unendurable," "intolerable" or "unacceptable." *See* Tenn. Code Ann. § 36-4-101(11) (Supp. 1999); *Gardner v. Gardner*, 104 Tenn. 410, 412, 58 S.W. 342, 343 (1900); *Garvey v. Garvey,* 29 Tenn. App. 291, 299-300, 203 S.W.2d 912, 916 (1946); *White v. White*, Carrol Eq. No. 3, 1988 WL 101253 at *1 (Tenn. Ct. App. Oct. 3, 1988) (no Tenn. R. App. P. 11 application filed); *Brown v. Brown*, No. 02A01-9108-CV-00168, 1992 WL 5243 at *3 (Tenn. Ct. App. Jan. 16, 1992) (no Tenn. R. App. P. 11 application filed). Over twenty-five years ago, this court recognized as inappropriate marital conduct the everyday treatment of a spouse "by which love, the vital principle which animates a marriage, is tortured to death; with the result that the once happy joinder becomes nothing less than a 'bridge of groans across a stream of tears.'" *Newberry v. Newberry*, 493 S.W.2d 99, 101 (Tenn. Ct. App. 1973).

. . . Both parties' actions and statements establish the undisputed fact that their prior conduct toward each other has caused pain and distress such that each party has determined that cohabitation is improper, unendurable, and unacceptable. Therefore, I would find that the evidence preponderates against the trial court's finding that inappropriate marital conduct was not proved.

*Earls v. Earls*, 42 S.W.3d 877, 891-93 (Tenn. Ct. App. 2000).

In this case, Mr. Longanacre established that his wife interfered with his relationship with his daughter and the rest of his family, testimony that went unrebutted. In my opinion, that evidence, together with the mutual desire to separate, establish grounds for divorce.

_____
PATRICIA J. COTTRELL, JUDGE