*FISHER *v.* DURAND *et al.*

(*Knoxville,* September Term, 1940.)

Opinion filed October 5, 1940.

*Designated for publication March. 24, 1943.

STRANG, FLETCHER & CARRIGER and CHAS. C. MOORE, all of Chattanooga, for appellant.

WILLIAMS & WILLIAMS, of Chattanooga, for appellee.

MR. JUSTICE DeHAVEN delivered the opinion of the Court.

(1) The original bill herein was filed by the receiver of the First National Bank of Chattanooga against Harry W. Durand, Jr., as administrator of the estate of Mary H. Reynolds, deceased, to recover the sum of $2,000, representing a 100% assessment upon stock owned by the deceased in the First National Bank of Chattanooga at the time of her death. The Comptroller of the Currency levied an assessment of 100% on all the stockholders of said bank on April 19, 1934, the payment of which was fixed for May 26, 1934. The date of payment was extended to June 26, 1934, and further extended to April 15, 1935.

Mrs. Mary H. Reynolds, a resident of Boise City, Idaho, died testate on June 20, 1933, leaving an estate of an appraised value of $65,000 to R. Mowbray Davidson, of Idaho, who was appointed administrator with the will annexed of said estate in Idaho. A part of the estate consisted of mortgage notes of the face value of $30,000, appraised at $24,000, secured by trust deeds on

real estate in Hamilton County, Tennessee. These notes were in the hands of the First National Bank of Chattanooga for collection and servicing. On January 3, 1934, said bank was declared insolvent by the Comptroller of the Currency and a receiver was appointed therefor.

R. Mowbray Davidson, Idaho administrator, assumed to administer upon the securities held by the First National Bank of Chattanooga by directing their transfer to the American Bank & Trust Company of Chattanooga for collection. These securities were never removed from the State of Tennessee, though later they were transferred upon the banks records to the individual name of R. Mowbray Davidson, legatee under the will of Mrs. Reynolds.

The original bill herein seeks a decree against Harry W. Durand, Jr., administrator, for $2,000, and that the same be declared an equitable lien upon all of the assets of the estate coming into his hands. Amended and supplemental bill was filed making the American Trust & Banking Company and R. Mowbray Davidson, a non-resident of the State of Tennessee, parties defendant. Attachment was issued and levied upon said securities in the possession of the American Trust & Banking Company. The attachment was based on the charge that the American Trust & Banking Company was threatening to transfer the notes and assets in question to R. Mowbray Davidson in Boise City, Idaho. It was averred that he had succeeded to the entire estate of Mrs. Reynolds, and, as administrator of her estate, with knowledge of the stock assessment, proceeded to wind up the estate, and transfer all of the assets to himself as legatee under her will; that as Tennessee creditor of Mrs. Reynolds' estate, complainant had an equitable lien upon her Tennessee

assets and a decree against Davidson as an individual requiring him to deliver said Tennessee assets to Harry W. Durand, Jr., who had been appointed as administrator of the estate of Mrs. Reynolds in Tennessee, for the benefit of complainant and other Tennessee creditors of Mrs. Reynolds.

Defendant filed pleas in abatement upon various grounds, all of which were overruled and answers filed. The principal ground of defense was that Mrs. Reynolds' estate was fully administered according to the laws of the State of Idaho where she was domiciled at the time of her death and all of the assets were decreed to be the property of her legatee, R. Mowbray Davidson, Jr., by the Probate Court at Boise, Idaho, and that he acquired possession and title thereto prior to the appointment of the Tennessee administrator; that on August 4, 1933, in a proceeding he had brought in the Probate Court at Boise, notice by publication had been made for all creditors to file their claims; that a decree had been entered in the probate proceedings adjudging that there had been a final accounting. It was further insisted that under the statutes of Idaho claims not filed within six months after the date of the first publication notice were thereafter forever barred and that the decree adjudging Davidson entitled to all the assets of the estate operated as *res adjudicata* precluding complainant from maintaining the present action and rendering void the appointment of Harry W. Durand, Jr., as administrator by the county court of Hamilton County. The further defense was made that the receiver of the First National Bank of Chattanooga had presented his claim, which defendant Davidson as administrator had rejected and the receiver had made no effort to appeal therefrom, that under the statute of Idaho the power to approve or

reject a claim in Idaho rests with the personal representative, and that the receiver having subjected himself to the jurisdiction of the Probate Court of Boise, Idaho, is now estopped from bringing this action.

Davidson gave a replevy bond in the sum of $3,000 and the attached securities were released to him.

On the final hearing of the case, the chancellor found the issues in favor of defendants and dismissed the bill. On complainant's appeal, the Court of Appeals decreed that complainant have a recovery of Harry W. Durand, Jr., administrator of the estate of Mrs. Reynolds, in Tennessee, and R. Mowbray Davidson, principal and his sureties on the replevy bond given to release the assets of Mrs. Reynolds in Tennessee, in the sum of $2,000, together with interest thereon at 6% per annum. The court held that Davidson was not liable individually, as legatee under the will of Mrs. Reynolds, for the stock assessment.

Defendant, Davidson, has filed his petition for *certiorari* to this court and assigned errors.

It is contended by petitioner that the Court of Appeals having found that Davidson was not individually liable for the stock assessment, it was error to adjudge him liable on the replevy bond. The holding of the court, however, was that Davidson was not liable individually for the assessment made on the stock. As legatee, he took the Tennessee assets subject to the payment of deceased's debts and obligations to Tennessee creditors. By giving the replevy bond, he got possession of the Tennessee assets appraised at $24,000. But for the replevin these assets would have remained in court under the attachment to satisfy the claim of complainant. Davidson was asserting ownership of these assets under the decree of the Idaho court. He was cast in the suit

on this issue and, hence, under the very tenor of the bond, he and his sureties became liable to complainant for the amount of his claim, to the extent of the penalty of the bond.

It is contended by petitioner that the Court of Appeals was in error in failing to decree that the Probate Court of Boise, Idaho, culminating in a final order entered May 22, 1934, and the distribution of the estate pursuant thereto, operated to vest in Davidson, as legatee, an absolute title to the securities located in Tennessee. It is argued that no attack is made by complainant upon the Idaho judgment and under Article IV, sec. 1, of the Federal Constitution, the good faith clause, that judgment is binding here.

Section 8145 of the Code of Tennessee provides:

"Letters testamentary or of administration may be granted upon the estate of a person who resided, at the time of his death, in some other state or territory of the union, or in a foreign country, by the county court of any county in this state:

"(1) Where the deceased had any goods, chattels, or assets, or any estate, real or personal, at the time of his death, or where the same may be when said letters are applied for."

It was under the above statute that Harry Durand, Jr., qualified as administrator in this State. Mrs. Reynolds, "at the time of . . . death", had assets (the securities here in question) in Hamilton County, Tennessee. Under the assessment ordered by the Comptroller of the Currency upon the stock of the First National Bank of Chattanooga, the estate of Mrs. Reynolds became indebted to the receiver in the sum of $2,000. Under Code, section 8145, the Tennessee administrator became the proper representative of the deceased

as to all of her property situated in this State at the time of her death. *Gilchrist* v. *Cannon*, 41 Tenn. (1 Cold.), 581. The validity of the assessment made by the Comptroller of the Currency is not questioned. The constitutionality of section 8145 of the Code is not assailed. The insistence is made, however, that the decree of settlement of final account and final distribution, entered in the matter of the estate of Mary H. Reynolds in the Probate Court of Ada County, Idaho, and awarding "all the residue of said estate" to R. Mowbray Davidson, thereby vested in him the absolute ownership of the securities here in question prior to the appointment of the Tennessee administrator, and hence his appointment was void because no assets of Mrs. Reynolds' estate existed in Tennessee—the securities in question having become the property of Davidson under the Idaho decree. The appointment of Davidson as administrator in Idaho conferred no authority upon him to administer the assets of the deceased in Tennessee. *Swancy* v. *Scott*, 28 Tenn. (9 Humph.), 327; *Young* v. *O'Neal*, 35 Tenn. (3 Sneed), 55, 57. Davidson took under the will of Mrs. Reynolds. As legatee, he took subject to the payment of the lawful debts of the deceased. Sizer's Pritchard on Wills (2 Ed.), sections 471 and 747. Section 8197 of the Code of Tennessee provides: "Every debtor's property, except such as may be specially exempt by law, is assets for the satisfaction of all his just debts." The Idaho court was without jurisdiction to administer upon the assets of deceased located in Tennessee and distribute them to Davidson. Under Code, section 8145, administration on Tennessee assets may be had in Tennessee regardless of administration in another State.

The receiver was not obligated to file his claim in the Probate Court in Idaho, there being Tennessee

assets. To hold that he was so obligated would, in effect, nullify the provisions of section 8145 of the Tennessee Code, set out above.

■ It is next contended that the receiver, complainant here, had presented his claim to Davidson as administrator, and hence had submitted himself to the jurisdiction of the Idaho court. Under the Idaho statute six months after publication of notice to creditors is allowed for the filing of claims. If not so filed it is provided that a claim is forever barred. In the instant case, the time for filing claims expired January 26, 1934. The First National Bank failed before the expiration of that period, but no assessment was made against stockholders until April 19, 1934. Complainant mailed a notice of the assessment to Davidson, administrator, on April 30, 1934, and a like notice on several subsequent dates. The Court of Appeals found that these notices were not intended by complainant or treated by Davidson, administrator, as proof of claim. Subsequent to these notices, on April 22, 1935, Davidson, administrator, through his attorney, wrote complainant that "This estate has been closed and as you failed to file any claim for this assessment against said estate, under the laws of Idaho there is no liability to pay the assessment." On October 7, 1935, complainant forwarded to Davidson, administrator, verified proof of claim, which was ignored by him. Davidson was discharged as administrator by order of court entered on July 18, 1934. He had been out of office as administrator for more than one year prior to the date the receiver forwarded to him the verified claim. As to the prior notices of assessment sent Davidson, administrator, the letter written by the attorney of Davidson on April 22, 1935, definitely states that the estate had been closed and the receiver had filed no claim. It is

perfectly clear that the receiver never submitted himself to the jurisdiction of the Idaho court in the probate proceedings. Not having been a party to such proceedings and not having submitted himself to the jurisdiction of the Idaho court, the contention of Davidson that the decree of distribution entered in the probate proceedings awarding the assets of Mrs. Reynolds' estate to him operated as *res adjudicata* precluding complainant from maintaining the present suit is obviously without merit.

██ █ Another contention made is that complainant was barred from maintaining this action because of his laches and negligence. The assessment did not become due until May, 1935. The bill herein was filed in May, 1936. It is not shown that Davidson was in any way prejudiced by the delay. The party pleading laches must be injured by the delay. *Parker* v. *Bethel Hotel Co.,* 96 Tenn., 252, 34 S. W., 209, 31 L. R. A., 706; *State* v. *McPhail,* 156 Tenn., 459, 2 S. W. (2d), 413.

We have examined all the assignments of error made by petitioners and find them to be without merit. Our conclusion is that *certiorari* must be denied.