STANLEY SHOAF *v.* V. W. BRINGLE *et al.*

(*Jackson,* April Term, 1954.)

Opinion filed June 10, 1955.

B. C. Durham, Jr., of Ripley, W. A. Shoaf and Tipton & Tipton, both of Covington, for complainant.

Clarke, Norris & Matherne, of Brownsville, and L. E. Gwinn, of Memphis, for defendants.

Mr. Justice Swepston delivered the opinion of the Court.

Appellants as citizens and taxpayers sought to intervene by petition pro interesse suo seeking to abate this suit.

The suit was commenced August 23, 1950, as an election contest over the office of County Judge and has been before this Court, as will appear from *Shoaf* v. *Bringle,* 192 Tenn. 695, 241 S. W. (2d) 832 (June 1951).

There have been several continuances from term to term. In the fall of 1954 complainant sought to have the cause set for hearing, whereupon this petition was filed by twenty-odd taxpayers of the county, alleging that two

elections had already passed, that any special election at this late date would impose an undue burden upon them as taxpayers, that the suit should be terminated for the good of the county, and that this extended litigation made it impossible for the County Judge to discharge his duties. Complainant filed his motion to dismiss the petition for want of interest in the subject-matter and for failure to show petitioners will suffer any illegal tax burden, or any tax burden not common to other taxpayers. This motion was granted and the Chancellor allowed petitioners a discretionary appeal.

The assignments of error raise the two questions of whether petitioners have an interest in the subject-matter that entitles them to intervene, and second—whether the suit should have been dismissed for laches.

We are unable to see how the possibility of a special election could impose on petitioners an improper tax burden of which they could complain. The law provides for such contests, for special elections where the stated election is held void.

Code Sec. 2123 et seq.; Opinion 192 Tenn., supra.

The expense of such special election is provided for by law. It may happen sometimes that such election may be made to coincide with the holding of the general election, but probably more often not, but whenever held, it is a lawful expense of the public treasury, of which no person may complain.

With reference to the "good of the county" and the efficiency of the County Judge, we think these are matters common to all citizens of the county, whether taxpayers or not, in which petitioners have no special interest that entitles them to intervene in this suit.

*Reams* v. *Board of Mayor & Aldermen,* 155 Tenn. 222, 225, 291 S. W. 1067, 1068:

"If the conduct does not affect the private rights of the citizen, but touches public rights common to all, the redress must be through the proper officials, because the bill can only be maintained to protect private rights if brought by the taxpayer who cannot maintain it in the assertion of a right common to all citizens of the town. * * *"

This assignment is overruled.

█ With reference to the question of laches, it is axiomatic that the party pleading laches must be injured by the delay in that his position has changed for the worse in some one or more respects. *Fisher* v. *Durand,* 179 Tenn. 635, 644, 169 S. W. (2d) 671.

Wherefore the query—how have petitioners been injured, even if it be conceded for the sake of discussion that they are proper parties?

██ A special election, if any, at the termination of this contest will not cost the county any more than if it had occurred three or four years ago; again it may happen that the special election, if any, may be made to coincide with a general election, thereby decreasing the expense of the former. We are unable to see wherein petitioners have suffered or will suffer any prejudice by the delay. Mere delay alone without prejudice is insufficient to work an estoppel. Hence we overrule this assignment.

The judgment below is affirmed with costs against appellants.