CAROL ANN SVOBODA, Petitioner-Appellant, v.
WILLIAM SVOBODA, LOUIS V. SVOBODA, LILA
JEAN ROBINSON, and BETTY LOU SVOBODA,
Defendants-Appellees. —454 S.W.2d 722.

Western Section. May 28, 1969.

Certiorari Denied by Supreme Court October 6, 1969.

446

Sam Cole, Jr., J. E. Edmondson, Memphis, for appellant.

Henry M. Beaty, Jr., Memphis, for appellee.

CARNEY, P.J. (W.S.). The petitioner below, Carol Ann Svoboda, a resident of Memphis, Tennessee, has appealed from a decree of the Probate Court of Shelby County adjudging her mother, Anna F. Svoboda, to have been a legal resident of the State of Kansas at the time of her death on October 29, 1964, and not a legal resident of the State of Tennessee and denying the petition of Carol Ann Svoboda to probate in solemn form a holograph dated September 14, 1962, purporting to be the will of Mrs. Anna F. Svoboda.

Anna F. Svoboda, aged 64, left surviving her as her only heirs and next of kin her husband from whom she was separated, the defendant Louis V. Svoboda, of Pucherlo, Colorado; a son, the defendant William Eugene Svoboda, of Topeka, Kansas; a daughter, the defendant Betty Lou Svoboda, of Pawnee Rock, Kansas; a daughter, the defendant Lila Jean Robinson, of San Antonio, Texas; and her daughter, the petitioner Carol Ann Svoboda, of Memphis, Tennessee.

Mrs. Anna F. Svoboda was on a visit to Kansas to see her mother who was seriously ill when Mrs. Svoboda herself became ill, confined to a hospital and died on October 29, 1964, in the Central Kansas Medical Center at Great Bend, Kansas. She was buried in Pawnee Rock, Kansas, which had been her home for many years prior to her

separation from her husband, Louis V. Svoboda, on July 19, 1962. She and Mr. Svoboda had been married since August 9, 1921. Mrs. Anna Svoboda's mother died a few days after Mrs. Svoboda died.

No administration of Mrs. Anna Svoboda's estate was sought in Kansas or any other state. The petition was filed in this case on July 27, 1967, by Carol Ann Svoboda to probate the holographic writing in solemn form as the last will and testament of her mother. Process on defendants was had by publication. They filed a plea in abatement to the petition averring that Mrs. Anna F. Svobodo was not a resident or citizen of the State of Tennessee but was a resident of the State of Kansas at the time of her death. The Probate Judge upon a hearing without a jury sustained the plea in abatement and dismissed petitioner's suit.

Holographic wills are not legal in the State of Kansas. The proponent and principal beneficiary, Miss Carol Svoboda, testified that the holograph was found in a metal box in which her mother kept her personal belongings and financial papers and that she, Carol Svoboda, never knew of the existence of the will during the life-time of her mother. The holograph which was offered for probate is as follows:

"Sept. 14, 1962

In view of the agreement (separation between Anna F. & Louis Svoboda) I wish to appoint my daughter, Carol Ann Svoboda as my executrix (without bond) as to the disposal of whatever property I may die possessed of.

The house in Pawnee Rock mentioned in the agreement as my property I wish sold to the highest bidder

and the proceeds divided thus: ⅔ of the value of the house to go to my daughter, Carol A. Svoboda, the other ⅓ value to my daughter Lila Robinson along with all dishes, silver or furniture she (Lila J. Robinson) has given me.

The furniture therein is to be divided among my four children or the proceeds therefrom divided among them equally.

The property in Russell Co. along with any money I may inherit from my father's estate is to be given to my daughter Carol Ann Svoboda, with the exception of $1.00 to Louis V. Svoboda $1.00 to Betty L. Svoboda and $1.00 to Wm. E. (Bill) Svoboda and $200 to Lila J. Robinson.

In case I still have the Packard car mentioned in the agreement, or any car, it is to be sold to the highest bidder and the proceeds given equally to my grandchildren.

Anna F. Svoboda''

The petitioner has filed some eight assignments of error but they make substantially two important points: (1) that the lower court erred in finding as a fact that the deceased, Mrs. Anna Svoboda, continued to be domiciled in the State of Kansas and that she never established a domicile in Tennessee; and (2) that even though Mrs. Svoboda was not legally domiciled in Tennessee yet she did have a place of residence in Shelby County, Tennessee, and that she left some personal property in Shelby County, Tennessee, which under the authority of Woodfin v. Union Planters National Bank, 174 Tenn. 367, 125 S.W. 2d 487, would give the courts of Shelby County jurisdic-

tion for the probate of the holographic. Under T.C.A. Section 27-303 the case having been tried below without a jury comes to this court on appeal for a trial de novo but accompanied by a presumption of correctness of the judgment below. It has been stated in many of our reported cases that a person may have two or more actual residences but only one domicile or legal residence. State ex rel. Sprague v. Bucher, 38 Tenn.App. 40, 270 S.W.2d 565; Snodgrass v. Snodgrass, 49 Tenn.App. 607, 357 S.W.2d 829; Bearman v. Camatsos, 215 Tenn. 231, 385 S.W.2d 91.

The applicable statutes of the Code relating to the probate of wills and administration of decedents' estates are as follows:

"32-201. Place of proving and recording will and granting letters testamentary.—Wills shall be proved and recorded and letters testamentary granted in the county court of the county where the testator had his usual residence at the time of his death, or, in case he had fixed places of residence in more than one (1) county, in either or any of said counties."

"30-102. Court having jurisdiction to grant letters. —Letters of administration shall be granted by the county or probate court of the county where the intestate had his usual residence at the time of his death, or, in case he had fixed places of residence in more than one county, the county court of either county may grant letters of administration upon his estate."

"30-103. Nonresident decedents.—Granting letters of administration upon estate.—Letters testamentary or of administration may be granted upon the estate of a person who resided, at the time of his death, in

450

some other state or territory of the union, or in a foreign country, by the county court of any county in this state:

(1) Where the deceased had any goods, chattels, or assets, or any estate, real or personal, at the time of his death, or where the same may be when said letters are applied for;

(2) Where any debtor of the deceased resides;

(3) Where any debtor of a debtor of the deceased resides, his debt being unpaid when the application is made;

(4) Where any suit is to be brought, prosecuted, or defended, in which said estate is interested.''

On July 18, 1962, Mrs. Anna Svoboda and her husband, Louis V. Svoboda, entered into a written separation agreement which recited that they were incompatible and could no longer live together as husband and wife and they agreed to separate and to divide their property as follows: Mrs. Svoboda received full title to the home in Pawnee Rock, Barton County, Kansas, and the husband, Louis Svoboda, received full title to some rental property located in Pawnee Rock, Kansas. Mrs. Svoboda had a right of inheritance from her parents in some other real estate located in Russell County, Kansas, and the husband, Louis Svoboda, released all interest therein. Mrs. Anna Svoboda released Louis Svoboda of all obligation to support her and all obligation to pay her alimony if she should be granted a divorce from him. Mrs. Svoboda received title to all furniture and household goods and a 1952 Packard automobile.

After the separation on July 18, 1962, Mr. Svoboda moved into his property which had formerly been rental property and Mrs. Svoboda continued to occupy the home which she had received under the separation agreement. From time to time Mrs. Svoboda visited her three children, namely William Svoboda in Topeka, Kansas, Mrs. Robinson in Texas, and Miss Carol Svoboda in Memphis, Tennessee, but she maintained her home in Pawnee Rock, Kansas. She visited her daughter, Carol, in Memphis, Tennessee, often and was given a room in the home of Mrs. Homer K. Jones at 1508 Vinton Avenue in Memphis. Miss Carol Svoboda occupies a room jointly with Mrs. Jones. Mrs. Svoboda was well-liked by the members of Mrs. Jones' family and was invited to make her home there permanently.

The preponderance of the proof is that in November, 1963, Mrs. Svoboda had been visiting her daughter, Carol, the proponent, in Memphis and went back to Pawnee Rock, Kansas, for the avowed purpose of selling her home and coming back to Memphis to live permanently. She remained in Pawnee Rock until March, 1964, when she sold her home and stored her household goods and furniture, silverware and some clothes in the residence owned and occupied by her husband, Louis Svoboda. From November, 1963, to March, 1964, Mrs. Svoboda was hospitalized in Topeka, Kansas. She returned to Memphis, Tennessee, in March or April, 1964, and again took up residence in the Homer K. Jones home at 1508 Vinton where her daughter, Carol, lived as a nurse. Mrs. Svoboda became seriously ill in June, 1964, and underwent a severe abdominal operation for intestinal cancer from which she never fully recovered. Mrs. Svoboda had the mailing address of her Social Security checks transferred

to the Memphis address and the petitioner, Miss Carol Svoboda, testified that she paid the additional support for her mother and that the other children refused to help with their mother's expenses. The major portion of Mrs. Svoboda's hospitalization was paid under a Blue Cross policy which her husband, Louis Svoboda, kept in force though he and Mrs. Anna Svoboda were separated.

When Mrs. Svoboda returned to Tennessee in April, 1964, she brought with her only her clothes and personal belongings together with the metal box similar to a fishing tackle box in which she kept financial records, papers, etc. At the time Mrs. Svoboda left Kansas in March, 1964, she had a bank account which was not closed until July, 1964, and it was never reopened in Tennessee or elsewhere. She never changed her voting registration from Kansas to Memphis.

Mrs. Svoboda had been a member of the Methodist Church in Pawnee Rock, Kansas, but when she came to Memphis in March, 1964, she became affiliated with Immaculate Conception Catholic Church in Memphis and continued a member until her death. In October, 1964, Mrs. Svoboda's mother was severely ill in a hospital in Salina, Kansas, and Mrs. Svobodo went to Kansas for the dual purpose of seeing her mother before she died and also to be in Topeka, Kansas, on November 3, 1964, the date of William E. Svoboda's daughter's birthday. Upon arriving in Kansas Mrs. Anna Svoboda's physical condition substantially deteriorated. She entered St. John's Hospital in Salina, Kansas, on October 3, 1964, and transferred on October 10, 1964, to Central Kansas Medical Center at Great Bend, Kansas. She was discharged from the hospital in Great Bend, Kansas, on October 17, 1964, and went to Pawnee Rock, Kansas,

where she occupied a room in the home of her husband, Louis Svoboda, until October 27 when she re-entered the hospital in Great Bend. She died on October 29, 1964, and was buried in Pawnee Rock, Kansas. Her death certificate recited that she was a resident of Pawnee Rock, Kansas. One hospital record showed Mrs. Svoboda's home as 1508 Vinton, Memphis, Tennessee, and the other Pawnee Rock, Kansas. Carol Svoboda said she found the will shortly after her mother's death in October, 1964, and did not offer it for probate until July, 1967, because she did not know she had to have it probated.

On July 24, 1964, Mrs. Svoboda had executed a written unlimited power of attorney prepared by Hon. J. S. Edmondson of Memphis, Tennessee, in which she nominated her daughter, Carol Svoboda, as her true and lawful attorney with full authority to attend to all of her business and specifically mentioned the authority of the agent to manage certain property located in the State of Kansas. The power of attorney contains the following expression: "Know all men by these presents: That I, Anna F. Svoboda, of Memphis, Shelby County, Tennessee, have made, constituted and appointed and by these presents do make, constitute, and appoint Carol A. Svoboda of Memphis, Shelby County, Tennessee, my true and lawful attorney * * *"

In the case of Caldwell v. Shelton, 1948, 32 Tenn.App. 45, 221 S.W.2d 815, this court held that words in a similar document executed under similar circumstances did not prove a change of domicile. In that case Miss Helen Shelton of Waco, Texas, had brought her mother to Jackson, Tennessee, for burial. Miss Shelton herself became seriously ill and died of a malignancy within less than two months after she came to Jackson, Tennessee, from

Waco, Texas. She told associates on the day of the death of her mother that she did not intend to go back to Waco, Texas, but "* * * She had come to Tennessee to spend the rest of her life * * *" At the time of her death Miss Shelton was on leave of absence from her employment in Waco, Texas, and during her illness wrote to her employer asking for an extension of her leave of absence. This court held that the most that could be said of the evidence was that the decedent's intention was to live in Jackson, Tennessee, providing she could obtain employment there or that she intended to return to Waco and continue her work until she could obtain a pension. This court reversed the action of the Chancellor in holding that the domicile of the decedent was in Jackson, Tennessee, at the time of her death.

From Caldwell v. Shelton we quote as follows:

"In the case of Brown v. Hows, 163 Tenn. 178, 42 S.W.2d 210, 212, opinion by Chief Justice Green, it is said:

'Indeed, we are of the opinion that a bare intent to make a particular place one's residence is not sufficient to establish a domicile. There must be some appropriate action harmonizing with the intent.'

It is well settled that to effect a change of domicile there must be both the intention to do so and the actual taking of some steps to carry out that intention.

Also in the case of Sparks v. Sparks, 114 Tenn. 666, 669, 88 S.W. 173, 174, it is said:

'In determining whether or not a change of domicile has been made, it is proper to consider along with the statement of the party of his intent in the matter, his

conduct and declarations, and all other facts that throw light upon the subject.'

Also in Denny v. Sumner County, 134 Tenn. 468, 479, 184 S.W. 14, 17 L.R.A. 1917A, 285, it is said:

"One cannot make a permanent, fixed commercial residence with all the surroundings of a permanent home in one place and a domicile in another by a mere mental act.' "

See also Greene v. Greene, 43 Tenn.App. 411, 309 S.W. 2d 403.

■ On the authority of Caldwell v. Shelton we hold that the evidence in the present case does not preponderate against the finding of the lower court that Mrs. Svoboda never took any steps to carry out her intention to change her domicile from Kansas to Tennessee.

The fact that Mrs. Svoboda had not sold but only stored her furniture, household goods, china and much of her clothing and had never made any effort to have it brought to Memphis is a strong circumstance that Mrs. Svoboda never decided as a finality that Memphis would be her home permanently even though she had told friends that she intended to make Memphis her home. The transfer of her domicile was not complete.

■■ Our interpretation of T.C.A. Section 32-201 is that the testator must have been domiciled within the State of Tennessee before the Probate Court would have jurisdiction for the original probate of such person's will. When a deceased person is domiciled within the state then the Probate Court of any county in which the testator maintained a residence has jurisdiction for the original probate of his will. The general rule is that the Pro-

bate Court of the state in which the testator was domiciled at the time of his death has jurisdiction for the probate of his will. 57 Am.Jur. Wills, Section 766, page 523.

In the case of In Re Glassford's Estate (1952), 114 Cal.App.2d 181, 249 P.2d 908, 34 A.L.R.2d 1259, the decedent, Grace Glassford, a widow had been domiciled in New York City for many years. In October, 1948, she went west thinking she would remain a year going first to Denver, Colorado, and arriving in Los Angeles, California, in January, 1949. She opened a bank account in Los Angeles and paid her 1948 income tax on March 14, 1949, listing her address as Los Angeles. She was hospitalized and advised by her physician that she was suffering from an inoperable advanced cancer and had only a few weeks to live and recommended that she go back to New York to be with her friends and relatives for the end. However, Mrs. Glassford told the clerk of the hotel where she was staying that she intended to stay in Los Angeles until she died and that she was not going back to New York. She died on May 21, 1949, in Los Angeles, California. The Los Angeles Probate Court refused to permit an original probate of her will on the grounds that she was not domiciled in California but remained a resident of New York but allowed an ancillary probate of the will because Mrs. Glassford left property within the state subject to claims of creditors and requiring an administration of her estate.

■ Therefore, since we have affirmed the action of the Trial Judge in holding that Mrs. Svoboda was not domiciled in the State of Tennessee at the time of her death, he correctly held that such court had no jurisdiction of the original probate of the will of Mrs. Svoboda under

T.C.A. Section 32-201. Assignments of error relating thereto are respectfully overruled.

At the time of her death the only property owned by Mrs. Svoboda in Memphis, Tennessee, were two record players, two winter coats, some miscellaneous suitcases, dresses, hats, trunk, television, electric heater, number of family and religious pictures, electric blanket, heating pad, bed clothing, gowns, and miscellaneous jewelry including two wrist watches. Most of this property was given to Mrs. Svoboda by her daughter, Miss Carol Svoboda. The remainder of her estate consisted primarily of the furniture, etc. left in Pawnee Rock, an undivided interest in some real estate and personal property which she inherited from her mother and/or grandfather, all in Kansas.

██ Under the authority of T.C.A. Section 30-103, Woodfin v. Union Planters National Bank, 174 Tenn. 367, 125 S.W.2d 487, and Fisher v. Durand (1940), 179 Tenn. 635, 169 S.W.2d 671, we hold that the Probate Court of Shelby County had jurisdiction to probate the will of Mrs. Svoboda as a non-resident of Tennessee and to issue letters testamentary thereunder. However, the administration of said estate under said will shall be limited to the personal property which the deceased left within the confines of the State of Tennessee. To this extent only the assignments of error are sustained. The judgment of the lower court is reversed and the cause remanded for further proceedings consistent with this opinion. The costs are adjudged against the appellees.

Matherne and Taylor, JJ., concur.