Charles LOVE, et al.,
Plaintiffs-Appellees,

v.

Payne CAVE, et al.,
Defendants-Appellants.

Court of Appeals of Tennessee,
Eastern Section, at Knoxville.

May 19, 1981.

Rehearing Denied July 14, 1981.

Appeal Denied by Supreme Court
Sept. 21, 1981.

Fred M. Hartman, Greeneville, for plaintiffs-appellees.

James E. Stevens, Greeneville, John M. Foley, Jack W. Bowers, Knoxville, for defendants-appellants.

## OPINION

SHRIVER, Judge by Designation.

### I

#### —THE CASE—

This suit involves the estate of Robert M. Love who died testate in Wayne County Michigan, where he then resided and where he had certain assets consisting of money on deposit and the contents of a lock box in a bank there. He also died possessed of valuable real estate in Greene County, Tennessee, his original home, and a substantial amount of money on deposit and by certificate of deposit in the Greene County Bank. S. G. Wells qualified in Greene County Tennessee as administrator of the estate and later discovered the will of the deceased in the lock box in the Michigan Bank, which will and the contents of the lock box he brought back to Greene County, Tennessee.

Mr. Wells was replaced as administrator C.T.A. by the appointment of Payne Cave, defendant in this suit.

Subsequently, Plaintiffs Charles Love and Stanley Love were appointed co-administrators C.T.A. of Robert M. Love after the will had been held to be invalid due to the incapacity of the testator at the end of three trials and two appeals to the Court of Appeals.

Cave seeks compensation for his services as administrator C.T.A. and John M. Foley, appellant, seeks attorney's fees and expenses as attorney for Administrator Cave.

Appellant Lutheran's Home for Children, Inc., seeks reversal of the order of dismissal of its suit for declaratory judgment as to its right to proceed against the Love estate in the Michigan courts.

The Trial Court allowed the claim of Cave for services as Administrator C.T.A. but denied Foley's claim against the estate for attorney's fees in representing the administrator, hence his appeal.

The Trial Court also dismissed the counter-suit of the Lutheran Home for Children which judgment was also appealed.

#### —Issues on Appeals—

Appellant Foley presents the issue:

"Did the Court err in disallowing the attorney fees sought by the administrator and John M. Foley, Attorney, for services performed for the administrator under probate proceedings including a will contest"?

Appellant Williams-Henson Home For Children, Inc., presents the issue:

"Did the Court err in dismissing the counter complaint of Williams-Henson Lutheran Home for Children, Inc. seeking a declaratory judgment as to assets of the estate which were removed from the domicilliary state of the deceased, and other relief"?

### II

#### —PROCEEDINGS BELOW—

The original complaint was filed April 1, 1980 in the Chancery Court at Greeneville, Tennessee by Charles and Stanley Love as co-administrators of Robert M. Love, deceased, reciting inter alia, that plaintiffs, along with other heirs of the deceased, contested the writing which purported to be the Last Will and Testament of Robert M. Love and after three jury trials, two appeals to the Court of Appeals of Tennessee, and a ruling by the Supreme Court of Tennessee, it was established that the said writing is not a valid will of said deceased due to the incapacity of the testator to execute same; that subsequent to the final ruling of the Courts on the matter, plaintiffs were granted Letters of Administration of said

estate, said order being dated March 20, 1980.

The plaintiffs pray (a) for process, (b) that defendant be compelled to surrender all assets of the estate to plaintiffs as co-administrators, and that defendant, Cave, be perpetually enjoined from further interfering in the administration of said estate, (c) for damages and (d) for general relief.

By Amended Complaint John M. Foley, attorney for Williams-Henson Lutheran Home For Children, was made a party defendant, and the prayers thereof were that administration of the estate be transferred from the County Court to Chancery Court and the claim of the additional defendant be declared invalid.

By a Second Amended Complaint Williams-Henson Lutheran Home For Children was made a party defendant and plaintiffs prayed that said defendant be restrained from in any way further interfering with the orderly administration of the Love estate.

The answers of the several defendants joined issue on the material points of the controversy and both Foley and the Lutheran Home For Children filed counter claims for relief.

By Order of July 12, 1980 the Chancellor ruled that defendant Payne Cave had no further interest in the administration of the Love estate since the writing dated July 24, 1973 was found not to be the last Will and Testament of the deceased, and Cave was ordered to file an accounting and deliver the assets of the estate to the Clerk and Master.

The question of the fee for John M. Foley was set down for an evidentiary hearing which was had and the fees claimed by Foley were denied.

On August 27, 1980 the Chancellor filed the following Memorandum Opinion:

–Chancellor's Memo–

"S. G. Wells was appointed administrator of the estate of Robert M. Love on March 14, 1975, by the Probate Court of Greene County. During the course of his administration he located a will purport-edly executed by Mr. Love in Wayne County, Michigan, which bequeathed and devised his entire estate to a children's Home in Knoxville, Tennessee. The sole beneficiary prevailed upon the probate Court of Greene County to remove Mr. Wells as administrator C.T.A. and to appoint it nominee, Robert Payne Cave, as successor administrator C.T.A.

"The heirs at law of Mr. Love instituted a will contest which, after three trials and two appeals, resulted in a judgment declaring the will void on account of the lack of mental capacity to execute it. Mr. Cave was thereafter removed as administrator and ordered to surrender all assets of the Estate to a successor administrator.

"Mr. Cave now seeks compensation for his services as administrator C.T.A. Since he had a duty to defend the will, he is entitled to reasonable compensation therefor. He is also entitled to recover his lawful expenses, *as filed*, except Mr. Foley's fee which will be later discussed.

"Mr. Cave is allowed a fee of $1,200.00 for his services as administrator.

"The claim of Mr. Foley presents a problem. He is the attorney for the Children's Home, which, of course, takes nothing from the estate in view of the judgment of invalidity. Mr. Foley, however, represented Mr. Cave, the administrator C.T.A. He was never formally employed by Mr. Cave; he arrogated himself the duty and responsibility of representing Mr. Cave, because of his interest in the Children's Home.

"Mr. Foley represented himself as attorney for the Children's Home, see Exhibits 2 and 3; and the Court believes that his participation in the representation of the Administrator C.T.A. was occasioned by his interest in the beneficiary whom he admittedly represented. The Court is also mindful of the fact that the administrator C.T.A., although a practicing attorney; is nevertheless entitled to an attorney; but upon consideration of all the circumstances, and especially since the services of Mr. Foley did not benefit

the estate of Robert M. Love, the Court is of the opinion that the estate is not liable for his fee.

"The counterclaim of the Children's Home is dismissed for lack of evidence.

/s/ William H. Inman
WILLIAM H. INMAN"

The foregoing Memo was incorporated in a Final Order of August 29, 1980 granting Payne Cave itemized expenses amounting to $4,553.53 and a $1,200.00 for services as administrator C.T.A., but denying Foley's claim for attorney's fees chargeable to the estate.

### III

### —OUR CONCLUSIONS—

■ We will consider first the issue presented by appellant Williams-Henson Home For Children, to wit, Did the Court err in dismissing the counter complaint of appellant which seeks a declaratory judgment as to certain assets of the estate of Robert M. Love, deceased?

The matter of granting or denying a declaratory judgment is largely discretionary with the Chancellor. In *Southern Fire & Cas. Co. v. Cooper*, 200 Tenn. 283, 292 S.W.2d 177, it was said that the Trial Court has a very wide discretion as to whether it will render a declaratory judgment and the Trial Court's action in refusing to make such a declaration will not be disturbed on appeal unless such refusal is arbitrary. In interpreting the statute, T.C.A. § 23–1102 et seq., our Supreme Court in *Cummings v. Beeler*, 189 Tenn. 151, 223 S.W.2d 913, held that jurisdiction to render a declaratory judgment is discretionary. Also see *Nicholson v. Cummings*, 188 Tenn. 201, 217 S.W.2d 942.

Included in the transcript of the record herein is the opinion of the Court of Appeals written by Judge Goddard in *"Estate of Robert M. Love, Deceased, Charles Love et al. vs. Payne Cave, Admr. et al."* (Affirmed by the Supreme Court) wherein it was stated that it was on appeal from a judgment entered upon a jury verdict finding against the Will (of Robt. M. Love) in a suit brought by the heirs of the testator's brothers and sisters.

Among the issues ruled upon was the question of material evidence to support the verdict and judgment and "Did the Circuit Court of Greene County, Tennessee, have jurisdiction over the subject matter of this case, the estate of deceased who died in Michigan with no legal residence or domicile in Tennessee at the time of death"?

It is pointed out in the Opinion that S. G. Wells was appointed by the Greene County Probate Court as administrator of the Love estate and was later removed on motion of the Williams-Henson Lutheran Home for Children, sole beneficiary under the Will, and Payne Cave was appointed in his stead as administrator with the Will annexed whereupon, the case was certified to the Circuit Court for trial on the issue devisavit vel non.

The facts are discussed as to his having been born and lived in Greene County most of his life; his retirement from Ford Motor Co., in Michigan where he worked for a time; his return to Tennessee where he bought a farm and lived, his return to Michigan where he died having been confined to the Veterans Hospital there for a long time; his state of health and the evidence of his mental disability at the time he executed the purported Will in question, it being noted that there is substantial material evidence of the testator's testamentary incapacity.

The Opinion continues as follows:

"It is true as stated in issue two that the testator died in the State of Michigan, but the proof also discloses that he was the owner of real estate in Greene County and also had some $40,000 on deposit at a Greene County bank. Even assuming, as insisted by the Defendants, that Mr. Love was a resident[4] of the State of Michigan on the date of his death, T.C.A. 30–103 provides that letters testamentary may be granted in any county of this state 'where the deceased had any goods, chattels, or assets, or any estate, real or personal, at the time of his

death, or where the same may be when said letters are applied for.' Although the authority of the representatives of the estate under this statute has been limited to the assets within the state, *Svoboda v. Svoboda*, 61 Tenn.App. 444, 454 S.W.2d 722 (1969), it is clear that the Court had jurisdiction insofar as Tennessee assets are concerned. We think it necessarily follows, given the authority of the Tennessee court to entertain a petition to probate the will, that Tennessee courts likewise have authority to determine its validity. There is also another statute, T.C.A. 32–506, which specifically provides for contest of foreign wills devising realty, although by court decision its application has been limited to wills which have not been probated in the foreign jurisdiction. *First Christian Church v. Moneypenny*, 59 Tenn.App. 229, 439 S.W.2d 620 (1968).

---

[4] 'Residence' as used in the various statutes authorizing probate has been construed to mean domicile. *Svoboda v. Svoboda*, 61 Tenn. App. 444, 454 S.W.2d 722 (1969).

"Moreover, it seems to us that a party should not be entitled after representing to the court—in this case the second Administrator with the will annexed continuing to represent to the Court after replacing the first—that the residence of the deceased was Tennessee, and thereafter when the case has been lost, insist for the first time that the court lacked jurisdiction because the deceased was a non-resident. In this regard we recognize that subject matter jurisdiction may not be conferred by estoppel, but a party may be estopped to change an assertion of fact which conferred jurisdiction in the first instance."

From all the foregoing, we find in favor of the Appellees and affirm the Chancellor's judgment on this issue.

■ As to the issue raised by Appellant John M. Foley, to wit, "Did the Court err in disallowing the attorney fees sought by John M. Foley for services rendered the administrator in the probate proceedings including the Will contest?"

In the Chancellor's Memo and Order he observes that Mr. Foley, though not formally employed by Mr. Cave, the administrator C.T.A., he, nevertheless, represented Mr. Cave and assumed the duty and responsibility of representing him. It is also observed in the memo:

"Mr. Foley represented himself as attorney for the Children's Home, see Exhibits 2 and 3, and the Court believes that his participation in the representation of the Administrator C.T.A. was occasioned by his interest in the beneficiary whom he admittedly represented. The Court is also mindful of the fact that the administrator C.T.A., although a practicing attorney; is nevertheless entitled to an attorney; but upon consideration of all the circumstances, and especially since the services of Mr. Foley did not benefit the estate of Robert M. Love, the Court is of the opinion that the estate is not liable for his fee.

"The counterclaim of the Children's Home is dismissed for lack of evidence".

We are not in agreement with some of the implications and conclusions above quoted.

Mr. Foley was a member of the Board of the Children's Home and gave them advice from time to time, apparently without charge, and was not formally employed by the Children's Home in this instance. The fact that the interest of the Home and the administrator C.T.A. were identical in defending the Will would pose no question of propriety in Mr. Foley's representing both of them.

As to the fact that the contest was lost and the Will declared to be ineffective does not, per se, mean that Mr. Foley's services were of no benefit to the estate hence not recoverable against the estate. Since the Will was being contested by the heirs, the question of the validity had to be settled before any distribution of the assets could be made. Hence the administrator had the duty of defending the Will, and, as held by the Chancellor, was entitled to representation by an attorney, although he was, him-

self, an attorney and he was entitled to his fee and expenses. However, the Court held that the attorney's fees should not be paid from the assets of the estate and dismissed the claim. Whether the proponent of the Will won or lost is not determinative of the attorney's right to receive compensation for his representation of the administrator.

In *Bennet v. Bradford*, 41 Tenn. 471, 473, the Supreme Court, speaking through Judge Caruthers, said:

"It was his (referring to the executor nominated in the will) duty to propound the will for probate. He was acting for all the legatees under the will, and this was his duty, whether he had any interest in it or not.

"He was under obligation, if he did not renounce, to take all proper steps and incur any necessary expenses to sustain the will and faithfully carry out the trusts imposed upon him.

"If this view be correct, as it seems to us it most clearly is, the estate must be liable, no matter in whose hands it may fall under the law."

Also see *In Re Lewis's Estate*, 45 Tenn. App. 656, 325 S.W.2d 647.

In *Eslick v. Friedman*, 191 Tenn. 647, 235 S.W.2d 808 it was said that it is the person nominated as executor to offer the Will for probate which includes also the duty to defend it. And in *Smith v. Haire*, 133 Tenn. 343, 181 S.W. 161 it was held that an executor is entitled to his costs and attorneys' fees in propounding a will in good faith, whether the will is set aside or not.

Mr. Cave was an attorney and might have assumed the duties of representing himself in the probate and contest proceedings but he testified "Yes, this was not a matter I wanted to handle myself . . . and I established a relationship with him (Foley) and he took on the legal responsibility of helping me to defend the will".

On further questioning, Mr. Cave answered:

"I certainly used him. He carried the load through three trials, through the appellate process . . . I have always left it up to him to write the briefs and do the legal research and try the case".

Under the facts, circumstances and applicable law, we are of opinion that Mr. Foley should be compensated for his work done and expenses incurred on behalf of the administrator C.T.A., hence, the action of the Chancellor in denying his claim is reversed and the cause will be remanded to the Trial Court for the fixing of his reasonable fees and expenses for the services indicated above.

In all other respects the judgment of the Chancellor is affirmed.

The costs incident to the appeal by the Children's Home are taxed to that institution. The costs incident to the appeal by John M. Foley are taxed to the Love estate.

Affirmed in part, reversed in part and remanded.

GODDARD and FRANKS, JJ., concur.

–ON PETITION FOR REHEARING–

SHRIVER, Judge by Designation.

Appellant, Williams-Henson Lutheran Home for Children, Inc., has filed a Petition to Rehear the Opinion and Judgment of this Court heretofore filed in this cause.

It is asserted in the Petition to Rehear that, while appellant does not dispute the principle of law stated in this Court's Opinion to the effect that the Trial Court's action in refusing to render a declaratory judgment would not be disturbed on appeal unless such refusal was arbitrary that, nevertheless, our statement was erroneous because the Trial Court did not refuse to make a declaration.

This appellant, The Children's Home, as was pointed out in our Opinion, was made a party defendant to the will contest by a Second Amended Complaint and actively participated in the trial as defendant and counter-complainant, being the sole beneficiary under the purported will of Robert M. Love.

The result of that contest was a determination, which became final on appeal, that the will was invalid for lack of testimentary capacity of Robert M. Love, the testator.

The only holding expressly made by the Chancellor concerning the Children's Home is as follows: "The counterclaim of the Children's Home is dismissed for lack of evidence."

We considered this simple statement of dismissal for lack of evidence to be far short of a response to counterclaimants' prayer for a declaration of the rights and duties of the parties relative to the estate of Robert M. Love.

The sole claim of this party, The Children's Home, to any interest in the Love estate is its alleged rights under the will. Those rights were extinguished when the will was finally held to be invalid. Thus, we take it that the Chancellor was correct in simply holding that there was no evidence to support the claim.

Thus, whether the simple statement dismissing the claim be considered a response to the prayer for a declaratory judgment or not is immaterial to the disposition of appellants' claim.

We therefore concur in the Chancellor's finding that there is no evidence in the record to sustain this appellant's claim to any interest in the Love estate.

The Petition to Rehear is denied.

GODDARD and FRANKS, JJ., concur.