IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 3, 2002 Session

# IN RE: THE ESTATE OF HARLEY TIMOTHY PRICE

**Appeal from the Chancery Court of Marion County**
**No. P5-215   Chancellor Jeffrey F. Stewart**

_____

**No. M2002-00332-COA-R3-CV - Filed December 31, 2002**
_____

This case involves an appeal by Mrs. Cynthia A. Price, widow of Harley Timothy Price, who appeals the trial court's determination that Mr. Price was domiciled in Marion County, Tennessee thereby providing a jurisdictional basis for the probate of his will.  In responding to this appeal, the estate of Harley Timothy Price appeals the trial court's determination that Mrs. Cynthia A. Price has standing to contest the jurisdiction of the Court.  The trial court found that Mrs. Price had standing to contest jurisdiction.  It also found that Mr. Price was domiciled in the State of Tennessee and, therefore, the letters testamentary were issued.  For the reasons stated in this opinion, we affirm the trial court's decision as to both issues.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court is Affirmed and Remanded**

J.S. DANIEL, Sp.J., delivered the opinion of the court in which BEN H. CANTRELL, P.J., M.S., and WILLIAM B. CAIN, J. joined.

Charles J. Gearhiser and Robin L. Miller, Chattanooga, Tennessee, for the Appellant, Cynthia A. Price.

J. Michael Sharp, Cleveland, Tennessee and Tracy C. Wooden, Chattanooga, Tennessee, for the Appellee, Estate of Harley Timothy Price.

## FACTS

Mr. Harley Timothy Price had previously been married and was the father of four children.  On April 23, 1998, Mr. Price executed a will leaving all of his property to his four children.  Thereafter, on September 23, 1999, Mr. Price executed a codicil to his 1998 will.  On January 4, 2000, Mr. Price entered into an antenuptial agreement with Cynthia Fortenberry, who upon her marriage to Mr. Price on January 7, 2000, became Mrs. Cynthia Fortenberry Price.  Unfortunately, this was a marriage of very short duration as Mr. Price died August 12, 2001 as a result of being

struck by lighting.

Shortly after Mr. Price's death, Charles B. Burns, Jr. who was appointed the personal representative of Mr. Price by his will, filed a petition for probate of Mr. Price's will and for issuance of letters testamentary. This petition was filed in the Chancery Court of Marion County which exercises probate jurisdiction. On August 16, 2001, the trial court admitted Mr. Price's Last Will and Testament and First Codicil for probate and issued letters testamentary. Mrs. Price thereafter filed a motion for revocation of letters testamentary on August 29, 2001, alleging that Mr. Price was a resident of Alabama and was not domiciled in Marion County, Tennessee. Should Mrs. Price prevail, the Marion County Chancery Court would be without jurisdiction to probate Mr. Price's will.

The Price Estate, thereafter, moved to strike Mrs. Prices' motion for revocation of letters testamentary alleging that she lacked standing to bring the motion. The Estate makes its claim by asserting that Mrs. Price has no beneficiary interests under Mr. Price's will as she waived her rights as a surviving spouse by entering into the January 4, 2000 antenuptial agreement.

Mrs. Cynthia Price has also initiated litigation in Tennessee seeking to invalidate the antenuptial agreement. This litigation is not part of these proceedings, but that litigation provides some understanding for the underlying reasons for this contest. It appears that there is a significant difference between Alabama and Tennessee law in the rights of a surviving spouse who dissents from the will of their deceased partner. In a marriage of this short duration, Mrs. Price would enjoy significantly more property rights under Alabama law than in Tennessee. Therefore, the domicile of Mr. Price would have a significant relationship to the choice of law applicable to Mrs. Price's rights should she be successful in invalidating the antenuptial agreement.

On December 13, 2001, the trial court conducted a hearing on Mrs. Price's standing and on the issue of Mr. Price's domicile at the time of his death. At the conclusion of that hearing the trial court issued a decision concluding that Mrs. Price in fact had standing to challenge the issuance of the letters testamentary and determined that the decedent was domiciled in Marion County, Tennessee.

Mrs. Price initiated an appeal as a matter of right under Tenn. R. of App. P. 3(a). This appeal was objected to by the estate. However, by prior order of this court we waived any lack of finality and held that the appeal may proceed. This determination is consistent with Tenn. Code Ann. § 30-1-107 as the Legislature has determined that disputes over the issuance of Letters Testamentary are certainly entitled to appeals before the final winding up of an estate as they run to the determination of the jurisdiction of the court to entertain the matters. Also, Tenn. Code Ann. § 30-2-315(b) recognizes the special nature of probate cases and provides for appeals of orders resolving claims against the estate without waiting for the entire estate to be settled. *Cantrell v. Estate of Cantrell*, 19 S.W.3rd 842, 844 (Tenn. Ct. App. 1999).

## ISSUES

2

The issues for consideration and determination in this case are whether the court erred in finding that Mrs. Price had standing to contest Mr. Price's domicile and whether the trial court erred in finding Harley Timothy Price to be domiciled in Tennessee.

## DECISION

Our review of this case with respect to the trial court's legal conclusions is de novo with no presumption of correctness. *Premium Fin. Corp. of Am. v. Crump Ins. Servs.,*978 S.W.2d 91, 93 (Tenn. 1998); *Stein v. Davidson Hotel Co.,* 945 S.W.2d 714, 716 (Tenn. 1997); *Pendleton v. Mills,* 73 S.W.3d 115, 120 (Tenn. Ct. App. 2001); *Brown v. Ogle,* 46 S.W.3d 721, 726 (Tenn. Ct. App. 2000); Tenn. R. App. P. 13(d).

## STANDING

The trial court ruled that Mrs. Price had standing to challenge the issuance of the letters testamentary for her husband's estate. In articulating the court's reasoning, the court reflected upon the fact that there was an antenuptial agreement, the validity of which had not been determined. Therefore, the court concluded that basically until the determination of the validity of the antenuptial agreement has been made, Mrs. Price, as the lawful surviving spouse of the decedent, has a tangible interest in the estate sufficient to give her standing at least to question the jurisdiction of the court to probate the will. In concluding the court's ruling the court reflected that it is not its responsibility, at this juncture, to determine the validity of the antenuptial agreement in advance.

Standing is a judicial doctrine that limits court access to those who have a justiciable claim. These are claims in which the law recognizes a remedy and parties who have a real interest in that remedy. *Knierim v. Leatherwood,* 542 S.W.2d 806, 808 (Tenn. 1976). This doctrine is based on the concept that "'[a] court may and properly should refuse to entertain an action at the [insistence] of one whose rights have not been invaded or infringed.'" *Mayhew v. Wilder*, 46 S.W.3d 760, 767 (Tenn. Ct. App. 2001) (quoting 59 Am. Jur. 2d *Parties* § 30 (1978)). In order for a party to show that he has standing, he must demonstrate "a distinct and palpable injury[,]" a causal connection between the injury and the challenged conduct, and a remedy available to address the injury. *In re Youngblood,* 895 S.W.2d 322, 326 (Tenn. 1995); *Metro. Air Research Testing Auth., Inc. v. Metro. Gov't of Nashville,* 842 S.W.2d 611, 615 (Tenn. Ct. App. 1992); *Morristown Emergency and Rescue Squad, Inc. v. Volunteer Dev. Co.,* 793 S.W. 2d 262, 263 (Tenn. Ct. App. 1990). Therefore, when determining if a party has standing, the focus of the inquiry is on the party to determine whether the party has a sufficient personal stake in the proceedings, not the merits of the party's claim. *Mayhew,* 46 S.W.3d at 767. The likelihood of success of a party's claim has no bearing on the party's standing. *Metro. Gov't of Nashville,* 842 S.W.2d at 615. With these authorities in mind, we conclude that the trial judge correctly assessed Mrs. Price's standing. Mrs. Price is the surviving spouse of Mr. Price and until the validity of the antenuptial contract is determined, Mrs. Price has all the rights associated with that status. Those rights include the right to dissent from the will and to seek her statutory share of the estate.

3

The legislature has provided that antenuptial agreements are enforceable in Tennessee if those agreements are entered into freely, knowledgeably, and in good faith by the parties. Tenn. Code Ann. § 36-3-501. "[T]he spouse seeking to enforce an antenuptial agreement must prove, by a preponderance of the evidence, either that a full and fair disclosure of the nature, extent, and value of his or her holdings was provided to the spouse seeking to avoid the agreement, or that disclosure was unnecessary because the spouse seeking to avoid the agreement had independent knowledge of the full nature, extent and value" of those holdings. *Randolph v. Randolph*, 937 S.W.2d 815, 817 (Tenn. 1996). Therefore, pending the conclusion of the antenuptial litigation, Mrs. Price has a marital interest that is subject to subsequent termination if the antenuptial agreement ultimately is determined to be valid. This present interest is sufficient for standing to contest the domicile of Mr. Price and, therefore, the jurisdiction of the court. This assignment of error is overruled.

## DOMICILE

"'Domicile' [of a person] is defined as the place 'where a person has his principal home and place of enjoyment of his fortunes; which he does not expect to leave, except for a purpose; from which when absent, he seems to himself a wayfarer; to which when he returns, he ceases to travel." *Snodgrass v. Snodgrass*, 357 S.W.2d 829, 831 (quoting *White v. White*, 3 Head 404, 40 Tenn. 404 (1859)); *Tyborowski v. Tyborowski*, 192 S.W.2d 231, 231 (Tenn. Ct. App. 1945). Domicile of a person within a state establishes an important legal relationship between the person and that particular place. It "implies a nexis between [the] person and place of such permanence as to control the creation of legal relations and responsibilities of the utmost significance." *Williams v. North Carolina*, 325 U.S. 226, 229 (1945). One of the many relationships that are established by domicile is the location of the appropriate place to probate the will and administer the estate of a deceased person. Tenn. Code Ann. § 32-2-101 provides subject matter jurisdiction to the probate court "of the county where the testator had the testator's usual residence at the time of the testator's death ." Although the statute speaks of the residence of the deceased, this statute has been consistently construed as meaning the domicile of the deceased. *Svaboda v. Svaboda*, 454 S. W.2d 722, 727, (Tenn. Ct. App. 1969). The Tennessee Supreme Court interpreted Tenn. Code Ann. § 32-2-101 to require that a testator must have been domiciled in Tennessee before a Tennessee court would have jurisdiction for the original probate of the testator's will. *Svoboda*, 454 S.W.2d at 727.

Domicile and residence, although at times used interchangeably, are not synonymous. Tennessee courts have long recognized the distinction between one's legal residence or domicile and a residence, meaning a person's place of abode. *Denny v. Sumner County,* 184 S.W. 14, 16 (Tenn. 1915)*; In re: Clayton,* 914 S.W.2d 84, 89 (Tenn. Ct. App. 1995). In addition, our courts have held that "a person may have two or more residences but only one domicile." *Bearman v. Camatsos*, 385 S.W.2d 91, 93 (Tenn. 1964); *Middle Tennessee Elec. Membership Corp., v. State ex rel. Adams,* 246 S.W.2d 958, 959 (Tenn. 1952); *Denny,* 184 S.W. at 16.

The court in *Denny* provided that the two important elements in determining a person's domicile are (1) the presence of a person within a state and (2) the intent of making that place the person's domicile. *Denny,* 184 S.W. at 16. In addition, the Tennessee Supreme Court recognized that a person "may have an actual residence in another State or county. He may abide in the latter without surrendering his legal residence in the former, provided he so intends*." Id.* The court further stated that "[h]e may not actually abide at his legal residence at all." *Id.* (quoting *Tipton v. Tipton,* 8 S.W. 440, 441 (Ky. 1888)); *Long v. Ryan,*30 Gratt. 718 (Va. 1878).

Although intent alone is not sufficient to establish domicile, intent plus some type of action is sufficient. *Svoboda,* 454 S.W.2d at 727; *Tyborowski,* 192 S.W.2d at 233. The record in this case establishes that Mr. Price declared that he was a resident of Tennessee in his September 1998 Last Will and Testament and in the 1999 Codicil to that will. Mr. Price's marriage license lists his address as 309 North Cedar, South Pittsburg, Tennessee. He consistently filed his federal income tax returns using his Tennessee address. His vehicles were registered in Marion County, Tennessee and when Mr. Price died, he possessed a valid Tennessee driver's license. Evidence was received by the trial court to the effect that during this brief marriage the Prices had experienced periods of marital separation and that Mr. Price spent significant periods of time in Tennessee. In addition, he was registered to vote in Tennessee, owned a house in Gatlinburg, and a commercial building in South Pittsburg which contained sleeping quarters. Furthermore, there is evidence in the record that at least at times, Mr. Price resided at the log cabin located in South Pittsburg, Tennessee. Although Mrs. Price presented evidence that Mr. Price had a residence in Bryant, Alabama, this was not shown to be the *only* residence of Mr. Price or that his intent was to make Alabama his domicile of choice.

In most instances, domicile is presumed to follow residence, however actual residence is merely one factor and is not conclusive. *Hussey v. Jackson,* 766 S.W.2d 184, 187 (Tenn. 1989). The testimony provided to the trial court indicates that Mr. Price had two residences, one in Bryant, Alabama and one in South Pittsburg, Tennessee. In this case, Mr. Price's actions and intentions effectively demonstrate both the presence and intent elements required for a finding that he was domiciled in Tennessee. *Denny,* 184 S.W. at 16. Therefore, we conclude that the record in this case effectively rebuts any presumption created by the court in *Hussey* and that the trial court properly determined that Mr. Price was domiciled in the State of Tennessee at the time of his death. *Hussey,* 766 S.W.2d at 187.

With these findings we determine that the trial court's judgment should be affirmed and, therefore, that the Marion Chancery Court is vested with jurisdiction to proceed with the probate for Mr. Price's will based on their determination of his being a Marion County domiciliary.

_____
J. S. DANIEL, JUDGE